(No. 14824.—Judgment reversed.)

THE CHICAGO DAILY NEWS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY SODEN *et al.* Defendants in Error.)

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. WORKMEN'S COMPENSATION—*claimant must establish liability by preponderance of evidence.* The Compensation act does not change the rules of evidence nor the burden of proof, and before a claimant can recover compensation he must prove by a preponderance of competent evidence that the injury arose out of and in the course of the employment, as liability under the act cannot rest upon imagination, speculation or conjecture or upon a choice between two views equally compatible with the evidence but must be based upon facts established by a preponderance of the evidence.

2. SAME—*finding of circuit court is presumed to be based on competent evidence in record of the Industrial Commission.* In the circuit court the cause must be heard on the record made by the Industrial Commission and the court must determine the disputed questions of law and fact from the competent evidence in that record, and if there is incompetent evidence it must be excluded, and the court will be presumed to have considered only the competent evidence.

3. SAME—*same rules of evidence prevail as in a common law action.* Under the Compensation act the rules respecting the admission of evidence and the burden of proof are the same as prevail in a common law action for personal injury.

4. SAME—*when award must be set aside.* Where the record discloses no evidence from which it can be determined how the accident occurred or that proves that the accident arose out of and in the course of the employment an award of compensation to dependents for an accidental death must be set aside.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

JOHN J. SYMES, and GEORGE A. SCHNEIDER, for plaintiff in error.

IVOR JEFFREYS, for defendants in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Martin Soden, a boy past seventeen years of age, was employed by the Chicago Daily News Company as a messenger. His duties were to run errands for his superiors to different parts of the building and of the city. He was paid eight dollars a week and gave his wages to his mother, who boarded and clothed him. February 17, 1919, he was on duty in the forenoon. At 12:30 he checked out for his luncheon hour. About forty minutes later he was found on the third floor of the building occupied by the publishing company, with a serious gash in his abdomen. No one else was present when he was injured and no one testified as to how the injury occurred. From this injury he died within two hours. He left surviving him his parents and an older sister. Plaintiff in error voluntarily paid all medical, hospital and funeral expenses. On the question of compensation a hearing was had before an arbitrator, who found that the accident did not arise out of the employment of deceased. On review the Industrial Commission set aside the decision of the arbitrator and entered an award in favor of the mother of deceased for the sum of $1650. This decision was confirmed by the circuit court of Cook county, and this writ of error has been prosecuted to review that judgment.

The principal question presented is whether there is competent evidence in the record showing that the injury arose out of and in the course of the employment of deceased. The building occupied by plaintiff in error is a four-story building. There is a passenger elevator running from the main floor to the fourth floor. There is a stairway leading from the business office, on the first floor, up to the second floor of the building. This stairway is closed by gates on both floors, and there is a sign on each gate to the effect that the stairway is not to be used between 7 A. M. and

6 P. M. Some distance east of the second-floor landing of the stairway described is a stairway leading from the second floor to the third and fourth floors. It was near the third-floor landing of this stairway that the accident happened. About sixty feet east of the stairway last mentioned is another stairway leading from the main floor to the fourth floor, and near this stairway on the third floor is the boys' toilet. The boy was found in a narrow passageway a few feet from a broken window. On the west side of this passageway is a railing protecting it from the well down which the stairway descended. On the east side was a partition separating the passageway from a room about fifteen feet square, used as a filing room. The base of this partition was built of masonry and plaster to a height of about four feet. Above this was a partition of heavy frosted glass set in wooden framework. There were eight window spaces in the upper part of this partition, each approximately three feet by four feet. There were panes of heavy frosted glass in the four spaces immediately above the solid partition and in the two center spaces at the top of the partition. The glass had been removed from the spaces in the upper right and left-hand corners for the purpose of ventilation. An instant before the boy was discovered wounded, employees of plaintiff in error heard a loud crash and the falling of broken glass. Two of them rushed into the passageway and found the glass at the north end of the partition immediately below the space from which the glass had been removed, broken and scattered over the floor of the passageway. This glass was immediately opposite the stairway landing. When the two employees heard the crash and rushed into the passageway they saw the boy walking towards them, holding both his hands over his abdomen. He told them there was a piece of glass in his stomach and asked them to take it out. A doctor was summoned, and he found a penetrating wound in the lower part of the abdomen and his intestines protruding from the wound. He

placed antiseptic dressings over the wound and ordered the boy taken to the hospital at once. Immediately over the wound he found a cut through the boy's trousers and other clothing. There were no other cuts or marks on the boy's body. The coroner's physician, who performed an autopsy on the body of deceased, found a wound about half an inch to the left of the middle line of the abdomen and a little below the umbilicus, extending diagonally upwards to the left. He found a perforation and injury of the small intestine, a perforation of the mesentery, and a perforation through the back wall of the stomach three-fourths of an inch in length. Inside of the stomach he found a piece of glass, and a little below the stomach he found three pieces of glass. He found no other marks or wounds on the body. The direction of the penetration indicated to him that the wound was from below upwards, and that it was not caused by something falling from above. An examination of the framework above the broken pane showed that the accumulation of dust had been recently disturbed. There was no one in the filing room at the time of the accident and the door to the room was locked.

It is the theory of plaintiff in error that the boy for some purpose of his own sought to enter the filing room by climbing through the opening at the top of the north end of the partition and that in the effort he in some manner broke the pane of glass below the opening and that he became excited and fell, a piece of the broken pane penetrating his abdomen. The theory of defendants in error is that the boy was climbing the stairway to go to the toilet some distance down the passageway, and that the slamming of a door or some other force broke the pane and threw the glass into the boy's abdomen.

The Workmen's Compensation act provides a new method of procedure for obtaining redress for personal injuries but it does not change the rules of evidence nor the

burden of proof.   Before a claimant can recover compensation he must prove by a preponderance of competent evidence that the injury arose out of and in the course of the employment.   The act provides that disputed questions of law and fact shall first be determined by administrative officers designated in the act, and it then provides for a judicial determination of the controversy in the circuit court when the parties are not satisfied with the decision of the administrative officers.   The cause must be heard in the circuit court on the record made by the Industrial Commission, and the circuit court must determine the disputed questions of law and fact from the competent evidence in that record. If the court finds incompetent evidence in the record this evidence must be excluded, and the presumption will prevail that the circuit court, in reaching its conclusion, considered only competent evidence.   In proceedings under the Workmen's Compensation act the rules respecting the admission of evidence and the burden of proof are the same as prevail in a common law action for personal injury.   Liability under said act cannot rest upon imagination, speculation or conjecture,—upon a choice between two views equally compatible with the evidence,—but must be based upon facts established by a preponderance of the evidence.   (*Peterson & Co.* v. *Industrial Board,* 281 Ill. 326; *Wisconsin Steel Co.* v. *Industrial Com.* 288 id. 206; *Camp Spring Mill Co.* v. *Industrial Com.* 302 id. 136.)   A careful examination of the record before us discloses no evidence from which it can be determined how this accident occurred or that proves that the accident arose out of and in the course of the employment of deceased.   Regrettable as the accident is, it is impossible to say from the evidence in the record that the accidental injury is one coming within the scope of the Workmen's Compensation act.

It appears from the record that all the witnesses who know anything about the unfortunate occurrence have given all the information they are able to give and nothing can

be accomplished by further hearing. The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*