(No. 16974.—Reversed and remanded.)
THE MADISON COAL CORPORATION, Plaintiff in Error, *vs.*
THE INDUSTRIAL COMMISSION *et al.*—(ED CLARKE,
Defendant in Error.)

*Opinion filed February 18, 1926.*

1. WORKMEN'S COMPENSATION—*applicant need not state amount of compensation claimed.* It is not essential to a proper statement of claim for compensation that the applicant state specifically the amount of compensation claimed, as the amount is fixed by statute and it is not important that the employer know the amount claimed; but the applicant must state the time, place, manner and character of the accident, so that the employer will be advised of the nature of the claim and can properly prepare his defense.

2. SAME—*skiagraphs cannot be used unless proper foundation is laid.* Unless a proper foundation is laid for the use of skiagraphs in evidence, the testimony of witnesses as to the extent of disability, based on skiagraphs, cannot be regarded as competent. (*Stevens* v. *Illinois Central Railroad Co.* 306 Ill. 370, followed.)

3. SAME—*what is not proper basis for opinion of medical witness.* It is error to permit a medical witness to detail complaints of the patient and his manifestations of pain, which are within his control, and then express an opinion as to the patient's condition based thereon.

4. SAME—*what is not a proper judgment after finding of total disability.* Where the Industrial Commission finds that the injury suffered by the applicant rendered him wholly and permanently incapable of work and awards full compensation and a pension for life in accordance with the provisions of paragraph (*f*) of section 8 of the Compensation act, it is not proper for the circuit court to set aside the award for a pension and confirm the decision in all other respects, as such a judgment is not in accordance with the statute.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

CHARLES E. FEIRICH, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

320—5

Mr. JUSTICE THOMPSON delivered the opinion of the court:

March 23, 1923, Ed Clarke, defendant in error, filed his application with the Industrial Commission for the adjustment of his claim against plaintiff in error arising out of an accident occurring January 29, the claim being that he strained a kidney and the muscles of his back while lifting a pit car on the track in the mine of plaintiff in error. After hearing the evidence offered by both parties the arbitrator made an award for temporary total disability of $14 a week for 12-5/7 weeks. A year later there was a hearing on review before a member of the Industrial Commission. Upon the record made before the arbitrator and the additional evidence heard, the commission made an award under paragraph (*f*) of section 8 of the Workmen's Compensation act for total permanent disability, the award being $14 a week for 267-6/7 weeks and thereafter a pension of $25 a month for life. December 16, 1924, the cause was brought to the circuit court by *certiorari*. Five months later an order was entered confirming the award of the commission in all respects except as to the pension, and as to it the award was set aside. Upon leave granted this writ of error was prosecuted to the December, 1925, term of this court.

· The first error argued is that the application filed with the commission is not sufficient in law to sustain the award. The act does not provide in specific terms that a particular form of written application for adjustment of claim shall be filed with the commission, but paragraph (*e*) of section 19 refers to such applications as being a part of the record, thereby by implication requiring some form of written application to be filed. Section 16 states that the procedure before the commission shall be simple and informal. Pursuant to the provisions of section 17 the commission has caused to be printed a blank form of application for adjustment of claim which provides spaces for stating the amount

claimed as compensation. In addition to his claim for temporary total disability, concerning which there is no dispute, he made claim for "$14 per week for unknown weeks' partial disability," but did not make a claim for total permanent disability. We do not regard it essential to a proper statement of claim for compensation for the applicant to state specifically the amount of compensation claimed. It is essential that he state informally the time, place, manner and character of the accident, so that the employer will be advised of the nature of the claim and can properly prepare his defense. The amount of compensation is fixed by the act, and it is not important to the employer to know the amount claimed by the employee. Many times it will be impossible for the employee to state the amount of compensation to which he may be entitled, because at the time he makes his claim for compensation he may not know the full extent of his injury. If the employer is advised of the time, place, manner and character of the accident he can determine the amount of compensation to which the injured employee is entitled as readily as the employee can. Under section 12 of the act the employee is required to submit himself for medical or surgical examination when requested by the employer. The question for the commission to determine was the amount of compensation due under the provisions of the act, and no useful purpose could be served by requiring the employee to determine that question in advance and to state his conclusion in the application for adjustment of his claim.

Certain skiagraphs were used as the basis of the testimony of some of the witnesses who testified with respect to the extent of the disability of defendant in error. We have laid down the rules with respect to the admission in evidence, or the use as the basis of testimony, of skiagraphs in *Stevens* v. *Illinois Central Railroad Co.* 306 Ill. 370, and it is unnecessary to re-state them here. A proper foundation was not laid for the use of the skiagraphs in this case,

and the motion to strike the testimony based thereon should have been allowed.

It was also error to permit the medical witnesses to detail complaints of the patient and his manifestations of pain, which were within his control, and then express an opinion as to the patient's condition based thereon. *Wells Bros. Co.* v. *Industrial Com.* 306 Ill. 191.

Without entering into a full discussion of the evidence and determining what decision might be justified under the evidence in this record, it is certain that the judgment entered cannot stand. The decision of the Industrial Commission found that the injury suffered by defendant in error rendered him wholly and permanently incapable of work and awarded full compensation and a pension in accordance with the provisions of paragraph (*f*) of section 8. The circuit court set aside the award for a pension and confirmed the decision in all other respects. This judgment is not in accordance with any provisions of the Compensation act. Under the provisions of paragraph (*d*) of section 8, where there is a permanent disability which partially incapacitates the injured employee, he may receive compensation "equal to fifty percentum of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." There is not sufficient evidence in the record to sustain the judgment of the circuit court under this provision of the act.

The extent of disability of defendant in error depends very largely upon the testimony of expert witnesses. Those testifying in his behalf state that he is permanently incapacitated for following his usual employment, but they were unable to say whether he was or would soon be able to perform some kind of manual labor. The witnesses testifying on behalf of plaintiff in error state that he is able to work and that the injury he suffered at the time of the accident has been healed. Because of this conflict in the testimony

of the expert witnesses and because there is in the record much incompetent testimony, we think that justice requires that the cause be remanded to the Industrial Commission for further hearing. On the rehearing all incompetent evidence that is not made competent by new evidence should be stricken from the record so that the courts can know upon what testimony the commission makes its findings.

The judgment of the circuit court is reversed and the cause is remanded to the circuit court, with directions to remand it to the Industrial Commission for rehearing.

*Reversed and remanded, with directions.*