ED MERRITT, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Plaintiff in Error.)

*Opinion filed June 16, 1926.*

1. WORKMEN'S COMPENSATION—*what evidence necessary to sus-tain award under paragraph (d) of section 8 of Compensation act.* An award under paragraph (d) of section 8 of the Compensa-tion act, based on a finding of a difference in earning capacity, must have support in the evidence or it cannot be confirmed, and on a hearing under said paragraph the Industrial Commission should require proof of the actual earnings of the employee for a substantial period before the accident and of the actual earnings for a substantial period after a return to work, or, in the event the employee has not returned to work, proof of what he is able to earn in some suitable employment or business.

2. SAME—*claimant must prove all facts necessary to justify an award.* In a proceeding under the Compensation act the rules concerning the admission of evidence and the burden of proof are the same as prevail in common law actions for personal injury, and before the claimant can recover compensation he must prove,

by a preponderance of the competent evidence, all the facts necessary to justify an award.

3. SAME—*when award based on difference in earning capacity must be reversed for want of evidence.*  Although it is stipulated what the employee was earning per week before his injury and it is shown that he is unable to continue work in his customary line of employment, an award under paragraph (*d*) of section 8 of the Compensation act must be reversed where there is no evidence showing the amount the employee is able to earn in some other employment or business.

4. SAME—*when application is sufficient to support award under any provision of Compensation act.*  Where the application states informally the time, place, character and manner of the accident, so that the employer will be advised of the nature of the claim and can properly prepare his defense, it is sufficient to justify the introduction of evidence as to the actual disability caused by the accident and to support an award of whatever amount the evidence justifies, notwithstanding the application specifies a particular section of the Compensation act under which the award is claimed.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. L. SPILLER, Judge, presiding.

MILEY & COMBE, for plaintiff in error.

FOWLER & RUMSEY, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

January 4, 1923, defendant in error, Ed Merritt, while in the employ of plaintiff in error suffered injuries to his person which partially incapacitated him from pursuing his usual and customary line of employment. The question presented to the Industrial Commission was the extent of this partial incapacity. The arbitrator found that the injuries sustained caused a partial incapacity and loss of earning power which entitled the claimant to an award of $10 a week for 300 weeks, and entered an award accordingly. On review the Industrial Commission set aside this award and made a finding, under the provisions of item 17 of par-

agraph (*e*) of section 8 of the Workmen's Compensation act, that defendant in error had suffered a ten per cent permanent loss of use of the right leg and a twenty-five per cent permanent loss of use of the left foot, and entered an award accordingly. The circuit court of Saline county set aside the award of the Industrial Commission and confirmed the award of the arbitrator. The cause is here on writ of error allowed on the petition of plaintiff in error.

There is no dispute as to the testimony of defendant in error that his disability is due to an accident arising out of and occurring in the course of his employment and that he suffered serious injuries at the time of the accident, but there is conflict in the testimony as to the extent of his disability. The proof shows that he suffered a serious injury to the left ankle and foot, the right leg, the left arm and the back. While he had improved at the time of the hearing before the commission he was still suffering from these injuries. There is evidence in the record showing that as a result of his injury he has become partially incapacitated from pursuing his usual and customary line of employment, and unless his condition has improved he is entitled to an award under the provisions of paragraph (*d*) of section 8 of the Workmen's Compensation act equal to fifty per cent of the difference between the average amount which he earned before the accident and the average amount which he is now able to earn in some suitable employment or business. It was stipulated that the average amount which he earned before the accident was $45 a week. He returned to work October 15, 1923, and worked six or seven weeks running a pipe machine and watching motors, during which time he received $10 a day. He was able to do this light work, but when there was no more of it to do he was unable to do other work in his customary line of employment. He has not done any work since December, 1923.

On a hearing under paragraph (*d*) of section 8 the commission should require proof of the actual earnings of

the employee for a substantial period before the accident and of the actual earnings of the employee for a substantial period after his return to work after the accident, or, in the event he has not returned to work since the accident, proof of what he is able to earn in some suitable employment or business. (*Groveland Coal Co.* v. *Industrial Com.* 309 Ill. 73.) The finding of a difference in earning capacity must find support in the evidence heard or it cannot be confirmed. It is impossible to award half the difference between the average amount of earnings before the accident and the average amount which the employee is earning or is able to earn in some suitable employment or business after the accident without evidence not only of the earnings of the injured employee before the accident but also of his capacity to earn after the accident. (*Groveland Coal Co.* v. *Industrial Com.* 308 Ill. 499.) In a proceeding under the Workmen's Compensation act the rules concerning the admission of evidence and the burden of proof are the same as prevail in common law actions for personal injury. Before the claimant can recover compensation he must prove by a preponderance of competent evidence all the facts necessary to justify an award. (*Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.) Under the Workmen's Compensation act disputed questions of law and fact are first determined by administrative officers designated in the act. If the parties are not satisfied with the decision of the administrative officers the cause may be heard in the circuit court on the record made by the Industrial Commission, and the circuit court must determine the disputed questions of law and fact from the competent evidence in the record. (*Chicago Daily News Co.* v. *Industrial Com.* 306 Ill. 212.) No court would enter a judgment in an ordinary action at law without some evidence to support its judgment, but we occasionally find a case arising under the Workmen's Compensation act where a judgment is entered without any evidence to sup-

port it. This is one of those cases. There is not a word of testimony in this record which shows the amount defendant in error is now able to earn in some suitable employment or business. It was stipulated that he was earning $45 a week before he was injured, and to sustain the judgment entered by the circuit court it would be necessary to find that he is now earning or able to earn in some suitable employment or business $25 a week. There is no such evidence in the record, and for that reason the judgment must be reversed.

The application for adjustment of compensation filed with the Industrial Commission claimed, among other things, "$14 per week for 300 weeks' loss of use of........ under paragraph (*e*) of section 8." Plaintiff in error contends that the award, if any, must be under paragraph (*e*), and that it cannot be under any other paragraph or section of the Workmen's Compensation act. This contention is untenable. The application is sufficient when it states informally the time, place, character and manner of the accident so that the employer will be advised of the nature of the claim and can properly prepare his defense. The application in this case was sufficient to justify the introduction of evidence as to the actual disability caused by the accident and to support an award of whatever amount the evidence justified. *Madison Coal Corp.* v. *Industrial Com.* 320 Ill. 65; *Consolidated Coal Co.* v. *Industrial Com.* id. 281.

The judgment is reversed and the cause is remanded to the circuit court, with directions to remand the cause to the Industrial Commission for further proceedings.

*Reversed and remanded, with directions.*