(No. 18036.—Judgment reversed and award set aside.)
THE McLENNAN CONSTRUCTION COMPANY, Plaintiff in
Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GREG-
ORY T. VANMETER, Admr., Defendant in Error.)

*Opinion filed April 20, 1927—Rehearing denied June 15, 1927.*

WORKMEN'S COMPENSATION—*when dependency is not proved.*
Dependency of a father upon his son, who was killed in an in-
dustrial accident, is not proved by evidence that the son at differ-
ent times sent his father, who lived in a foreign country, various
sums of money, where there is no evidence that said sums were
relied upon by the father for his support and maintenance or that
they were used for that purpose when received, and no evidence
as to whether or not the father had any other income, notwith-
standing the father's deposition states that he has been unable to
work for three years, and while he had five other children they did
not give him any money.

STONE, C. J., and HEARD, J., specially concurring.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. HARRY M. FISHER, Judge, presiding.

EUGENE P. KEALY, and RUSSELL W. ROOT, for plaintiff
in error.

EDWARD J. GREEN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Steve Frid, an employee of plaintiff in error, while
working in the line of his employment, was accidentally in-
jured August 17, 1923, which injury caused his death. His
administrator filed an application for adjustment of his
claim for compensation. The application stated deceased
left his father, who resided in Sweden and was dependent
upon his deceased son for support. The hearing upon the
application for adjustment was before an arbitrator, who
disallowed the claim upon the ground that dependency was

not proved by the testimony. The hearing was reviewed by the Industrial Commission upon the petition of the administrator, and an order was entered awarding $14 per week for 117-6/7 weeks. The award was confirmed by the circuit court, and this court granted a writ of error upon the petition of the employer.

The sole question presented for our decision is whether the dependency of the deceased's father was proved by the testimony.

Deceased was an unmarried man, thirty years old. The deposition of his father was taken in Sweden on behalf of the administrator. He testified he had not received any income from work for three years. For that period he had been forbidden by his physician to work. He was sixty-three years and eight months old. The son Steve came to the United States in March, 1912. Steve's mother died in 1911. Three brothers and two sisters survived Steve. He sent witness money after he came to the United States, "presumably at Christmas time, 1914, believably about $5." In March, 1913, witness received from his son $230. He could not more closely state the time he received money from his son, but testified he had each year since 1915, several times a year, received different amounts,—not less than $5 but more often more. In March, 1920, he received 1052 crowns and in July, 1923, he received $500. He had received from his son during the time he lived in America, all together, at least 4000 crowns. His other children had not given him any money.

Oscar Johnson, who was a fellow-employee of Steve Frid, testified to Steve's death from an accident. He testified he and Steve, when he first knew him, were working on farms in Iowa. They worked there about four years, from 1918 to 1922. They roomed together in Chicago after coming there. Witness saw Steve mail a draft for $25 in 1918 to his father; in 1919 a draft for about $15; in 1919 a draft for $10; in 1921 a draft for $25; in 1923

a draft for $530 to his brother, some of it ($225) being for his father. The latter draft was made payable to Steve's brother, but he said some of it was going to his father.

The foregoing is all the testimony relating to the subject of the dependency of the deceased's father and the sending of money by the deceased to his father in Sweden. That the deceased sent his father money at different times was clearly proved and is not contradicted, but plaintiff in error contends the proof wholly fails to show that the father was dependent upon the deceased for support. The father testified he had not been able to work for three years and had received money from his son Steve for a longer period of time than that. He did not testify that he was, in fact, dependent or partially dependent upon his son Steve. He had three other sons and two daughters but testified they gave him no money. There is no proof of the financial condition or circumstances in life of the father. It was not stated by him or any other witness that he was dependent or partially dependent upon his son Steve, and plaintiff in error contends it was essential to prove that fact; that the fact of dependency must be proved and cannot be conjectured or surmised.

In *Wasson Coal Co.* v. *Industrial Com.* 312 Ill. 241, it was said: "The word 'dependency' implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life." The court said that was the meaning given the word by the legislature in enacting the Compensation act, and that compensation is allowed where there is actual dependency at the time of the injury even though it would probably cease in the future. The court also said: "The compensation allowed to a parent on account of dependency, either partial or total, must depend upon evidence that the deceased was actually making some contribution to the support of the claimant at the time of

the injury or a condition of dependency existed at the time of the injury." In that case deceased was not making any contribution to the support of his parent at the time of his death, and the court said expectation of contribution in the future does not come within the terms of the statute.

In *Merritt* v. *Industrial Com.* 322 Ill. 160, the court adopted the definition of "dependency" in the *Wasson Coal Co. case, supra*, and said it was not necessary to show the claimant would have been without the necessaries of life without contributions from the deceased or without other means of support; that the test is whether the contributions were relied upon by the applicant for means of living, judging by his position in life, and whether he was to a substantial degree supported by the deceased at the time of his death.

In *Wedron Silica Co.* v. *Industrial Com.* 312 Ill. 118, the court said the question of dependency and the extent of it was a question of fact.

In *Peterson* v. *Industrial Com.* 315 Ill. 199, the father and mother of the deceased, whose death resulted from an accident, filed an application for compensation. The father testified he was dependent upon the deceased for support at the time of his son's death, and his testimony was not contradicted by any other witness. The court said the evidence for the parents consisted almost entirely of conclusions and not statements of evidentiary facts and did not disclose whether the parents had other property. The evidence was held insufficient to support a finding of partial dependency within the meaning of the law.

In *General Construction Co.* v. *Industrial Com.* 314 Ill. 58, the father of the deceased claimed compensation on the ground of dependency. The proof showed the father had neither property nor any additional source of income; that at the time of the son's death he and the father were the only members of the family. The son gave practically all his earnings to the father, which were applied toward living

expenses.  The court held in that case the proof justified an award.

In many cases decided by this court it has been held that an award must be based upon facts proved by the evidence and cannot rest upon conjecture, speculation or mere surmise.  The uncontradicted proof in the case at bar is that the father received money from his son at different periods of time after he came to America.  Whether the father was dependent upon the son for his support does not appear from the evidence.  It is true, the father testified he had been unable to work for three years, but he did not testify he had no income from any other source and that contributions from the son were relied upon for his support and maintenance or that they were used for that purpose when received.  So far as the evidence shows, it might as well be conjectured that the son was paying the father a debt, or that he was sending him the money for investment or for safe keeping for the son.  The father had five other children, and testified they did not give him any money.  The proof was not sufficient to establish the father's dependency for support upon the son and that the money sent by the son was used for that purpose.

The judgment of the circuit court of Cook county affirming the award will therefore be reversed and the award set aside.

*Judgment reversed and award set aside.*

Stone, C. J., and Heard, J., specially concurring:

We concur in the conclusion reached in the opinion but are of the opinion that the record does not indicate that further evidence on the matter of dependency may not be had.  The judgment, therefore, should not have been reversed without remanding the cause.