(No. 3096—

Roy O. Mowery, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed October 12, 1937.*
*Supplemental opinion filed August 18, 1939.*

Claimant, pro se.

Otto Kerner, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on April 23, 1937, claimant was employed as a watchman for respondent in the Centennial Building at Springfield. On the last mentioned date, while in the course of his employment, and while remonstrating with some young folks who were creating a disturbance in the building, he was struck in the face, his glasses were broken, and his face was cut and bruised. He expended $5.00 for medical services and $26.50 to replace his broken glasses, and asks for an award for the amount thus expended.

The Attorney General has entered a motion to strike that portion of the complaint in which the claimant seeks to recover $26.50 for the glasses which were broken, and has also entered a motion to dismiss the case on the ground that the complaint does not contain any facts which entitled the claimant to recover under the provisions of the Workmen's Compensation Act.

We have repeatedly held that the jurisdiction of this court is limited to claims in respect to which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State,* 7 C. C. R. 207; *Kramer* vs. *State,* 8 C. C. R. 31; *Shumway* vs. *State,* 8 C. C. R. 43; *Titone* vs. *State,* No. 2473, decided at the January Term, 1937.

There is no law of this State making respondent liable for damage to the personal property of an employee, where such damage is caused by the wrongful act of a third person, and consequently the motion of the Attorney General to strike must be sustained.

The motion to dismiss on the ground that the complaint does not set forth facts sufficient to show that the State is liable under the Workmen's Compensation Act presents a different question.

A complaint under the Workmen's Compensation Act is not to be construed with the same strictness as a declaration in a suit at law. The Compensation Act is remedial in its nature, and should be given a liberal construction in order to carry out the provisions of the Act. In considering the requirements of an application for adjustment of claim in a proceeding before the Industrial Commission, our Supreme

Court, in the case of *Valier Coal Co.* vs. *Industrial Commission*, 329 Ill. 139-147, said:

"The Workmen's Compensation Act does not prescribe in specific terms any particular form of application for adjustment of claim. Section 16 states that the procedure before the commission shall be simple and informal. It is only essential to a proper statement of claim for compensation for the applicant to state formally the time, place, manner and character of the accident, so that the employer will be advised of the nature of the claim and can properly prepare his defense."

The rule as laid down in the Valier case was followed in the case of *Merritt* vs. *Industrial Commission*, 322 Ill. 160.

The complaint in this case comes within the requirements of the rule laid down by the Supreme Court.

If the claimant can establish by proper evidence that at the time of the injury in question, both he and the respondent were operating under the provisions of the Workmen's Compensation Act, and that he sustained accidental injuries which arose out of and in the course of his employment, he will be entitled to compensation in accordance with the provisions of the Act;—and we feel that he is entitled to an opportunity to present such evidence.

The motion of the Attorney General to dismiss is therefore overruled.

SUPPLEMENTAL OPINION.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Subsequent to the filing of the opinion in this case on October 12, 1937, the parties hereto filed herein a stipulation of facts from which it appears that on April 23, 1937, claimant and respondent were operating under and bound by the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that as the result thereof claimant did not sustain any disability, either temporary or permanent, and did not sustain any specific loss, but did require first aid and medical services; that such services were not provided by the respondent but were provided by the claimant, who was required to and did expend therefor the sum of $5.00; that notice of the accident was given to the respondent, and claim for compensation on account thereof was made within the time required by Section 24 of the Compensation Act.

Under the provisions of Paragraph (a) of Section 8 of such Act, claimant is entitled to be reimbursed the amount so paid by him, and an award is therefore entered in favor of the claimant for the sum of $5.00.

This award being subject to the provisions of an Act entitled "An Act making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereon," approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled "An Act making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys until the Expiration of the First Fiscal Quarter after the Adjournment of the next Regular Session of the General Assembly" (Senate Bill 123, as amended), approved July 8, 1939; and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for by the foregoing Acts.