15512 .

GOLD v. MORAGNE *ET AL.*

(24 S. E. (2d), 491)

May, 1942.

*Mr. L. Marion Gressette,* of St. Matthews, Counsel for Appellant,

*Mr. Richard T. Maher,* of Columbia, Counsel for Respondent,

March 1, 1943.

The unanimous opinion of the Court was delivered by Circuit Judge L. D. LIDE, Acting Associate Justice:

This is an appeal from an order of the Court of Common Pleas for Richland County reversing an award for disfigurement in the sum of $1,500.00 made by the Industrial Commission in favor of the plaintiff. The reason assigned in the order of the Circuit Court for the conclusion reached was that the plaintiff's claim in this respect was not filed within one year after the accident, and was therefore barred because of the provisions of Section 24(a) of the Workmen's Compensation Act, Section 7035-27 (1), Code. 1942. But this conclusion is challenged by the exceptions of the appellant, to which reference will hereinafter be made.

Isaac Gold, the appellant, was a manual laborer in the employment of Davis Moragne, one of the respondents; the other respondent, Hartford Accident & Indemnity Company, being his insurance carrier. While so engaged, to wit, on May 27, 1938, the employee sustained a serious injury as the result of the accidental turning over of a truck. It is undisputed that the employee's injury was "by accident arising out of and in the course of the employment"; and, as stated in the record, in addition to minor injuries the lower part of his neck "was broken and dislocated." Immediately after the accident the employee was given medical and hospital treatment by his employer and the insurance carrier, and such treatment seems to have been continued from time to time until June 9, 1939, when according to the medical testimony his injuries reached the maximum healing point.

It is admitted that the parties were subject to the terms and provisions of the Workmen's Compensation Act. And it appears that no written instrument specifically designated as a claim was filed with the Industrial Commission within the period of one year after the accident. But in lieu thereof there was filed an agreement as to compensation signed by all the parties, dated July 20, 1938, and filed with and approved by the Industrial Commission July 22, 1938, less than sixty days after the accident occurred. This agreement gives the date of the injury, the place and cause of the accident, and the nature of the injury, which is described as "broken neck." It further states that the probable length of disability is "undetermined." The agreement is to the effect that the employee shall receive compensation at the rate of $5.00 per week, payable immediately from and including May 27, 1938, the date of the accident, "until terminated in accordance with the provisions" of the Workmen's Compensation Act.

The weekly disability installments provided by this temporary agreement were paid up to and including June 9, 1939, which was more than a year after the date of the ac-

cident, but were then discontinued by the respondents. Up to this time the employee, Isaac Gold, was not represented by an attorney, but after the discontinuance of the disability payments his attorney herein was employed, who promptly took steps to procure a hearing, pursuant to the provisions of Section 57 of the Workmen's Compensation Act, Section 7035-60, Code 1942, and Rule 12 of the commission. And it appears that this hearing was held on August 2, 1939, before John W. Duncan, Esq., one of the commissioners, who stated "that the purpose of this hearing is to determine the extent of disability and the average weekly wage." He further stated that there was no denial of liability on the part of the employer, but that the question was "when disability terminated and as to the average weekly wage." Thereupon the attorney for the claimant moved to amend the notice of hearing "so as to determine a reasonable compensation for serious bodily disfigurement," but the motion was then overruled upon the ground that the claimant could call for "another hearing at a later date" on disfigurement. Precisely what occurred in this connection will be hereinafter fully set forth.

The hearing before Commissioner Duncan then proceeded, and ultimately resulted in an opinion and award by the Industrial Commission in favor of the claimant for partial disability at the rate of $2.27 per week; and it is stated in the Transcript of Record that this question was finally disposed of by order of Court dated May 9, 1942, authorizing a "lump sum" settlement in respect to partial disability.

In the meantime, to wit, on August 7, 1940, the attorney for the employee gave written notice to the Industrial Commission requesting that a hearing be had with reference to compensation for disfigurement resulting to the employee from the injuries in question, such disfigurement being described as facial or head disfigurement and serious bodily disfigurement. Thereupon, for the first time, the employer and the insurance carrier took the position that any claim

for disfigurement was barred by the statutory limitations and that the commission was without jurisdiction to consider the same, and gave notice in writing to that effect on September 3, 1940, to the attorney for the claimant and to the Industrial Commission.

The matter came on for a hearing before John H. Dukes, Esq., who was then Chairman of the commission, on September 12, 1940, whereupon counsel for the employer and the insurance carrier again registered his protest against the hearing upon the ground that the Industrial Commission had no jurisdiction to hear and determine the question of disfigurement, for the reason that Section 24 of the Act, Section 7035-27, Code 1942, provides that all claims for compensation must be filed within one year after the accident. The hearing Commissioner announced that he would overrule the motion at that time and hear arguments upon the question at the end of the testimony. The testimony of two physicians was then taken, as well as that of the claimant, and after hearing arguments of counsel the matter was taken under advisement. And Commissioner Dukes in and by his opinion and award filed April 16, 1941, held that under the facts as found by him the claim for additional compensation by reason of disfigurement "comes within the limitations" of the Workmen's Compensation Act as contained in Sections 24 (Section 7035-27, Code 1942) and 46 (Section 7035-49, Code 1942) thereof; that is to say, that it was not barred by such limitations. And he also found with reference to disfigurement that the claimant (quoting from his opinion and award) "carries with him at all times a condition about his head which prevents him from moving his head from side to side or from nodding it backward and forward, and besides this limitation of motion of the head he must carry his head in a fixed position, different from the normal position. He also has a fixed expression on his face which is unchanged and gives him the appearance of a person strangely abnormal, which anyone would easily no-

tice upon seeing him." Commissioner Dukes then announced as his conclusion that "Isaac Gold has a serious bodily as well as head and facial disfigurement," and an award in his favor on account thereof in the sum of $1,500.00 was duly ordered.

The opinion and award of Commissioner Dukes came on for review by the full Commission on May 30, 1941, and the opinion of the full Commission affirming the hearing Commissioner was filed June 12, 1941. Thereupon an appeal was taken by the employer and his insurance carrier to the Court of Common Pleas for Richland County, and the order of the Court reversing the Industrial Commission was handed down March 31, 1942. The Court held that the claim for disfigurement not having been filed with the commission within one year after the accident was barred by the provisions of Section 24(a) of the Workmen's Compensation Act, Section 7035-27(1), Code 1942. The claimant then brought the case to us by appeal from the order of the Circuit Court upon exceptions which are stated in the argument of counsel for the appellant as raising these questions:

"1. Was there sufficient compliance with Workmen's Compensation Act as to the filing of a claim so as to vest in the Commission jurisdiction to make an award for disfigurement?

"2. Did the employer and insurance carrier, assuming that no formal claim was filed, waive the requirement as to filing of a claim?"

Section 24(a) of the Workmen's Compensation Act, Section 7035-27(1) Code 1942, which is directly involved in this appeal is as follows: "The right to compensation under this Act shall be forever barred unless a claim is filed with the industrial commission within one year after the accident, and if death results from the accident, unless a claim be filed with the commission within one year thereafter."

While it was unquestionably the purpose of the limitations written in the Act to protect employers and insurance carriers against "long delayed demands," as stated in our case of *Wallace v. Campbell Limestone Company*, 198 S. C., 196, 17 S. E. (2d), 309, 311, it is also evident that this Section should be given a liberal construction, especially in view of the fact that in all *bona fide* cases (except death cases) the claimant is an injured person, and frequently must be confined in a hospital, as was the claimant in this case. And moreover, many of the claimants are without counsel, as was the claimant in this case until after the expiration of the one-year period. Furthermore, the extent of the injury is not always immediately apparent; nor was it in this case.

Hence the Courts construing similar statutory provisions are practically in accord in holding that these statutes do not contemplate the filing of a claim having the same particularity as a formal pleading or stating "all the elements of a cause of action"; and that the law would be sufficiently complied with if the claim in whatsoever form sets forth enough facts to apprise the employer of the time, place, and character of the accident, and the general nature of the injury, so that it may be understood that the claimant expects to receive the benefits provided by the Act. 71 C. J., 1004, 1005.

The Supreme Court of North Carolina, whose Compensation Act in this respect is identical with ours, calls attention to the fact that this section does not require the claim to be filed *by the employee*. *Hanks v. Southern Public Utilities Company*, 210 N. C., 312, 186 S. E., 252; and in this case it was held that a claim for compensation was timely filed with the Industrial Commission where both the employer and the Industrial Commission treated the report made to the commission by the employer as a claim, notwithstanding that the deceased employee's representative

did not file a written report and did not answer commission's letter with respect to character of his claim as to dependents.

And it appears to have been held in a number of ■ jurisdictions that an agreement to pay compensation, "filed with and approved by the Commission, answers the statutory requirement that the claim for compensation be made within a specified time, and the same has been held to be so as regards an agreement filed with the board but not yet acted upon by it." 71 C. J., 1007. See, also, 71 C. J., 1029.

We think the sound principle just announced applies ■ with special force to the instant case, because the agreement for compensation for temporary total disability, timely filed and approved as hereinbefore stated, gives all the information that could reasonably be required to be contained in a claim to be filed by or in behalf of an employee. Indeed, the sufficiency of this "claim," so far as weekly disability payments are concerned, does not seem to have ever been questioned by the employer or the insurance carrier. Their contention, however, is that the agreement makes no reference whatever to any claim for *disfigurement* and hence cannot be considered as covering such a claim.

But we do not regard this position as tenable, for several reasons. It is quite clear that the true intent and meaning of the Act would be defeated if a claimant were required to state precisely what compensation he was entitled to receive. The rule is thus expressed in 71 C. J., 1009, 1010: "Unless the statute so provides, it is not necessary that the claim state *the nature or the amount* of the compensation sought; neither need it state all of the deleterious effects arising out of the accident." (Emphasis added.)

And we quote the following from the Illinois case of *Madison Coal Corporation v. Industrial Commission,* 320 Ill., 65, 150 N. E., 724, 725: "The amount of compensation is fixed by the act, and it is not important to the employer to know the amount claimed by the employee. Many

times it will be impossible for the employee to state the amount of compensation to which he may be entitled, because at the time he makes his claim for compensation he may not know the full extent of his injury. If the employer is advised of the time, place, manner, and character of the accident he can determine the amount of compensation to which the injured employee is entitled as readily as the employee can. Under Section 12 of the Act the employee is required to submit himself for medical or surgical examination when requested by the employer. The question for the commission to determine was the amount of compensation due under the provisions of the Act, and no useful purpose could be served by requiring the employee to determine that question in advance and to state his conclusion in the application for adjustment of his claim." See, also, *Lemieux v. Contractors' Mutual Liability Insurance Company*, 223 Mass., 346, 111 N. E., 782.

In the case at bar the amount of weekly disability benefits to which the claimant was entitled could not be determined in the outset, and hence, a tentative and temporary agreement relating thereto was made. This agreement did not include the matter of disfigurement, but such an agreement would scarcely ever include that element of compensation, because a lump sum must be awarded; and furthermore, the extent and permanency of the disfigurement could not usually be determined in advance of the completion of the healing process, and that may have been true in this case.

We are, therefore, of opinion that the learned Circuit Judge was in error in regarding claims for disability and disfigurement as being separate and distinct. We think, on the contrary, that disfigurement is merely an additional element of compensation. Weekly compensation payments and an award for disfigurement are provided for in and by the same section of the Workmen's Compensation Act, to wit, Section 31, Section 7035-34, Code 1942; and arise

from the same accident. *Burnette v. Startex Mills,* 195 S. C., 118, 10 S. E. (2d), 164. Hence it follows that when the Industrial Commission has jurisdiction to pass on any element of compensation, all elements are included; and it was not contemplated by the Act that different parts of the total result of one accident should be regarded as separate claims. 71 C. J., 1002.

We think it is quite true that if the hearing as to weekly compensation payments had proceeded to a final conclusion without any objection on the part of claimant that compensation should also be allowed for disfigurement the claimant would have been estopped thereafter to raise the question, not upon the ground that the claim was not originally filed in due time, but upon the ground of *res adjudicata,* unless by reason of a *change in condition* he could bring himself within Section 46 of the Act, Section 7035-49, Code 1942. But under the facts of the instant case the rights of the claimant in this respect were fully preserved by reason of what occurred at the hearing before Commissioner Duncan on August 2, 1939. In this connection, it may be observed that the Circuit Court's order by mistake stated that this took place at a hearing on August 2, *1940,* a whole year later.

We quote the following from the Transcript of Record as to what occurred at the hearing before Commissioner Duncan on August 2, 1939:

"Mr. Gressette: May it please the Court, I wonder if at this time, I am within my right to move to amend this notice of hearing so as to determine a reasonable compensation for serious bodily disfigurement?

"Mr. Duncan: I will tell you that as soon as—that is a new issue and that will depend upon the medical, and on disfigurement you can call for another hearing at a later date. We have first got to find out the extent of disability and straighten out the average weekly wage. He has a year from the date of last compensation payment to come back

for disfigurement·or any functional loss of use that he may have.

"Mr. Maher: Of course, we object to the amendment and the application to have the question of disfigurement determined at this hearing, for the reason that it takes us by ·surprise, and the hearing set for today is solely for the purpose of determining the extent of disability and the average weekly wage."

It is perfectly clear from the foregoing that Commissioner Duncan ruled that the claimant could have another hearing on the matter of disfigurement at a later date, and that the extent of disability and the question of average weekly wage should first be determined. And it is likewise perfectly clear that no objection was made *at that time* by or on behalf of the employer or the insurance carrier that the commission was without jurisdiction or that no claim had been filed for disfigurement, for the only objection made to the amendment was that the question of ·disfigurement should not be determined at that particular hearing because it took them by surprise, and there was no objection .*then* made to the commissioner's ruling that another hearing for that purpose could be called for at a later date.

The order of the Circuit Court appears to be based in part upon the view that it was sustained by the recent case of *Wallace v. Campbell Limestone Company*, 198 S. C., 196, 17 S. E. (2d), 309, cited above. We adhere to the ruling announced in that case as being sound and correct, but the facts were essentially different from those of the case now before us, and involved a .different legal principle. In that case there was a final agreement between the parties, not a temporary or tentative one as in the case at bar. This final agreement was evidenced by what is called a "Final Compensation Settlement Receipt" executed by the claimant. More than three years had elapsed from the time this receipt was executed before counsel for the employee wrote a letter to the commission claiming for the first time the right

to an additional award for disfigurement, and it was held by this Court that the same was barred, reversing the lower Court. Certainly the employee was bound by his final receipt, regardless of what his original claim may, or may not, have included, and had no further rights under the Workmen's Compensation Act, for clearly he could not have brought himself within the terms of Section 46, Section 7035-49, Code 1942, which provides for the review of an award on the ground of a change in condition, but it is stipulated therein that no such review shall be made after twelve months from the date of the last payment of compensation, and more than three years had elapsed, as above stated.

Incidentally, it may be observed with regard to the case at bar that while the Industrial Commission was of opinion that Section 46, Section 7035-49, Code 1942, might also be invoked by the claimant, this would depend upon whether or not there had been a change in condition, as to which we do not deem it necessary to make any determination, having held that there was sufficient compliance with the Act as to the matter of filing the claim, and hence that the first question presented by this appeal as above quoted should be answered in the affirmative.

Nor do we deem it necessary to pass upon the second question raised by this appeal, relating to the matter of waiver, except to say that we are in accord with what we deem to be the weight of authority that there may be, under certain circumstances, a waiver on the part of the employer or the insurance carrier of the filing of a claim in any form whatever; and it was so held in the case of *King v. Wesner,* 198 S. C., 49, 16 S. E. (2d), 289.

The judgment of the Circuit Court is reversed and the award of the Industrial Commission sustained.

Reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.