(No. 4223—)

CHARLES ROHLES, SR., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1950.*

*Petition of claimant for rehearing denied September 19, 1950.*

ROY A. PTACIN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

On February 15, 1949, claimant, Charles Rohles, Sr., was employed as a painter at the Chicago State Hospital of the Department of Public Welfare. On that day, after reporting for duty, and while walking to the place where he was assigned to work, he slipped into a depression in the pavement, fell, and sustained a fractured rib, concussion, and other bruises. He was rendered unconscious by the fall.

Claimant was hospitalized, except for a few days, until March 6, 1949, and he returned to work on March 28, 1949. Claimant was earning in excess of $400.00 per month at the time of the accident, and his earnings in the year prior thereto amounted to $4,642.00.

During the period claimant was unable to work, he was paid his full rate of pay, and when he returned to work he was assigned to supervisory duties, but at the same rate of pay. He worked for respondent until December 15, 1949, at which time he was let out as a result of a personnel reorganization which reduced the number of painters regularly employed at the Chicago State Hospital.

The Departmental Report of the Department of Public Welfare, and the testimony of two doctors, are in substantial agreement that claimant has a long standing osteo-arthritis, which limits the function of his spine. Both doctors testified that a fall might have aggravated his condition. Claimant testified that he suffered from dizzy spells due to a heart condition.

In general, the testimony as to the extent of claimant's disability leads to the conclusion that claimant has some permanent partial incapacity. Whether such incapacity is the result of the accident that occurred on February 15, 1949 will not be decided herein, because of claimant's failure to prove that his earning capacity was diminished as a result of alleged injuries.

For a claimant to be entitled to an award under Section 8 (d) of the Workmen's Compensation Act for permanent partial incapacity, he must show the differential between what he earned before the accident, and what he is earning, or able to earn, in some suitable employment after the accident. *Cogdill* v. *State,* 18 C.C.R. 24; *Merritt* v. *Ind. Com.,* 322 Ill. 160.

Claimant testified he was paid his full wages after he returned to work. The Departmental Report shows that he earned more per month after the accident than he did before. So for eight and one-half months after he returned to work, claimant had greater earnings.

However, claimant testified he tried to work after his employment with respondent was terminated, and worked for two hours at $1.00 per hour, but had to quit because he could not perform the duties required. Claimant *thought* that he could find a job that would pay him $40.00 per week. On cross-examination, counsel for respondent seriously shook the credibility of claimant by getting admissions from claimant of a series of accidents, which had happened to claimant while employed by respondent, when claimant had testified in chief that he had never been sick a day in his life. Claimant had heart trouble, which he admitted, on cross-examination, made him dizzy at times. Claimant's testimony falls far short of the proof required to establish a differential

in earnings when we give to it the weight to which it was entitled after cross-examination.

A business agent for the union of which claimant was a member also testified for claimant to the effect that claimant could not earn the prevailing scale of wages, but his testimony was devoid of any figures that could be used by this Court for calculation of an award.

In *Franklin County Coal Corporation* v. *Ind. Com.*, 398 Ill. 528, it was held that, under Section 8 (d) of the Workmen's Compensation Act, proof should be required of earnings for a substantial period prior to the accident and after return to work, and, in the event the injured person does not return to work, proof of what he is able to earn in some suitable employment, will suffice.

Applying that rule to this case, we find that claimant earned approximately $387.00 per month on the average in the year prior to his accident. For the eight and one-half months claimant worked after he returned to work in March, 1949, he was paid an average of approximately $410.00 per month. The proof of what claimant could earn in suitable employment after he was let out by respondent was unconvincing and lacking in figures to be used for purposes of calculation.

An award to claimant must therefore be denied.

Since claimant was paid his full wages during the time he was disabled with knowledge of his injury and without denial of liability, any award for temporary total incapacity must be held to have been paid in full. *Olney Seed Co.* v. *Ind. Com.*, 403 Ill. 587.

William J. Cleary & Co., Court Reporters, was employed to take and transcribe the testimony before Commissioner Tearney. Charges in the amount of $63.60 were incurred, and an award for such sum is hereby entered in favor of William J. Cleary & Co.

This award is subject to the approval of the Governor as provided by Section 3 of "An Act concerning the payment of compensation awards to State employees."

Award to claimant denied.