(No. 4228▬▬▬▬▬▬▬

BELLE DAVIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 6, 1950.*

ALBERT N. KENNEDY, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Belle Davis, seeks to recover under the Workmen's Compensation Act as a result of an injury that arose out of and in the course of her employment as an attendant at the Dixon State Hospital, Dixon, Illinois, operated by the Department of Public Welfare.

Claimant went to work at 11 P.M. on December 31, 1948, and at approximately 1:15 A.M. on January 1, 1949, she was attacked by a patient, who pushed her with such force against a door that her left elbow was fractured at the distal end of the humerus. Claimant also was knocked

down and sustained some rather severe contusions, all of which cleared up satisfactorily.

Claimant was hospitalized at the institution's hospital until March 3, 1949. Her arm was placed in a cast after X-rays disclosed the fracture of the humerus and irregularities in the proximal ends of both the radius and the ulna. During her period of hospitalization, she was kept in bed and after the removal of the cast massage was used to get the muscles of her arm loosened up. Claimant was determined to be able to return to work on April 1, 1949.

However, claimant did not return to work until May, 1949, and in June, 1949, she took a leave of absence, and she has not worked since because she was let out on account of her physical condition not related to the accident.

No jurisdictional questions are involved, and the only question for determination is the degree of loss of use of claimant's left arm. True it is that some evidence was introduced as to claimant's permanent partial disability, but this evidence is not convincing either as to causal connection with the accident on January 1, 1949, or the extent, and failure to prove reduction in earning capacity is fatal to any recovery on this ground. *Cogdill* v. *State*, 18 C.C.R. 24; *Merritt* v. *Ind. Com.*, 322 Ill. 160; *Rohles* v. *State*, No. 4223, opinion filed May 9, 1950; *Molsen* v. *State*, No. 4168, opinion filed February 14, 1950.

Although somewhat vague, medical testimony disclosed that the extension of claimant's left arm is limited about 45 per cent. Flexion is limited 10 per cent. Abduction is definitely limited, and there is minor limitation in swinging the arm forward and backward. Commissioner Wise, who heard the testimony, has recommended that claimant be given an award for 25 per cent loss of

use of left arm and with this recommendation we agree. See Angerstein: The Employer and the Workmen's Compensation Act of Illinois, Sec. 306.

Claimant also seeks to recover $36.00 for medical treatment and X-rays paid for by her. Aside from the fact that some of the treatment was for complaints not related to the accident, claimant elected to pay for this medical treatment herself, and respondent is not liable for this item. Sec. 8 (a), Workmen's Compensation Act.

Helen Heckman, Dixon, Illinois, was employed to take and transcribe the testimony before Commissioner Wise. Charges in the amount of $28.80 were incurred, which charges are reasonable. An award is, therefore, entered in favor of Helen Heckman for $28.80.

On the date of the accident, claimant was 64 years of age, married, but had no children under 16 dependent on her for support. Her earnings in the year preceding the date of the accident amounted to $2,100.00, and her rate of compensation is $19.50 per week.

During the time claimant was totally and temporarily disabled she was paid the sum of $385.00, but she was entitled to receive at the rate of $19.50 per week only the sum of $250.71, or an overpayment of $134.29.

An award is, therefore, entered in favor of claimant, Belle Davis, under Section 8 (e) (13, 17) of the Workmen's Compensation Act, for 25 per cent loss of use of her left arm (56¼ weeks), being the sum of $1,096.87. From this should be deducted the overpayment of $134.29, leaving a net award of $962.58, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."