15732

LOWTHER v. STANDARD OIL COMPANY OF NEW JERSEY

(33 S. E. (2d), 889)

*Mr. W. N. Heyward,* of Ridgeland, S. C., and *Mr. A. J. Hydrick,* of Orangeburg, S. C., Counsel for Appellant,

*Messrs. Benet, Shand & McGowan,* of Columbia, S. C., Counsel for Respondent,

May 3, 1945.

Mr. Chief Justice Baker delivered the unanimous Opinion of the Court:

At the time hereinafter mentioned the appellant, A. E. Lowther, was employed by respondent, Standard Oil Company of New Jersey, as a commission sales agent, his compensation being dependent upon the volume of sales he made of respondent's products. On January 24, 1939, appellant was injured as a result of an accident admittedly arising out

of and in the course of his employment with the respondent. The respondent was immediately notified of the accident and injury and furnished a physician to treat appellant, and a written report of the accident was made to respondent on March 1, 1939. Thereafter, on March 9, 1939, a claim agent of the respondent visited appellant and prepared a Standard Form No. 15 for Agreement as to Compensation provided by the Industrial Commission, showing respondent as self-insurer, which agreement in writing and duly witnessed was entered into by and between appellant (employee)' and respondent (employer), reading as follows:

"We A. E. Lowther residing at Hardeeville, South Carolina and Standard Oil Company of New Jersey, 26 Broadway, New York, New York have reached an agreement in regard to compensation for the injury sustained by said employee and submit the following statement of facts relative thereto:

"Date of injury January 24, 1939. Date disability began January 24, 1939. Nature of injury Contusions of head and strained 6 muscles of neck. Place of accident Shoemaker's Service Station, Switzerland, South Carolina. Cause of accident Injured was opening dome of tank truck, preparatory to making delivery when he lost his balance and fell, striking his head on driveway, resulting in contusions of head and strain of neck. Probable length of disability—.

"The terms of this agreement under the above facts are as follows: That the said A. E. Lowther shall receive compensation at the rate of $25.00 per week based upon an average weekly rate of $48.46, or $210.00 monthly average, and that said compensation shall be payable at same intervals as average commissions are normally payable from and including the 27th day of January month, 1939 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of South Carolina."

The appellant, with the assistance of his sixteen-year-old son, whom he took out of school and his wife, continued to

sell and distribute the products of respondent under his sales agent contract, and the gross earnings were about the same as prior to his injury.

In that there was no material difference in the gross earnings of appellant prior to and following his accident, the respondent did not pay out any amount under the Workmen's Compensation Act by reason of the disability of appellant. However, upon the expiration of appellant's sales agent contract with respondent in September, 1939, it was not renewed; and in October, 1939, appellant was advised by respondent that it denied that he was entitled to receive anything under the Workmen's Compensation Act. This denial was occasioned by an inquiry to respondent made by counsel for appellant as to the contents of a paper signed by appellant for respondent's adjuster and requesting a copy thereof (the paper referred to was the "Agreement as to Compensation" hereinabove set out). In the letter of denial of compensation, respondent's agent also suggested that if appellant believed himself entitled to compensation, respondent was willing to give the matter consideration upon receipt of an up-to-date medical report, and suggested an examination by an orthopedic specialist, naming the specialist and voluntarily agreeing to pay the expense thereof. A copy of the Form 15, Agreement to pay Workmen's Compensation, was not furnished by respondent to counsel for appellant, nor was any mention made that this agreement was not in respondent's possession at the time, or that it had not been filed with the Industrial Commission.

On February 6, 1940, the appellant filed a claim with the Industrial Commission for compensation arising out of the accident and the resultant injuries suffered by him on January 24, 1939.

When a hearing was first entered upon before the Hearing Commissioner on the claim filed by appellant on February 6, 1940, respondent took the position that any claim appellant had for workman's compensation by reason of

the accident and injury suffered by him, admittedly in the course of his employment, on January 24, 1939, was barred, he not having filed his claim within one year from the date of the accident as required by Section 24 (a) of the Workmen's Compensation Act; and, further, that appellant was not entitled to compensation, in that he suffered no loss of earnings as a result of the accident and that he had suffered no disability.

During the proceedings had before the Hearing Commissioner, counsel for appellant inquired as to what had become of the "Agreement as to Compensation," and counsel for respondent (a Mr. Gillson) replied: "It may be in the office at New York and it may be destroyed." However, in a letter dated May 9, 1939, from Mr. Gillson, the agent and attorney for respondent, to the South Carolina Industrial Commission in reference to the accident and injury to appellant, he referred to a letter written by him to the Commission on March 9, 1939 (the day on which the "Agreement as to Compensation" was entered into by and between appellant and respondent), in which he had enclosed "Forms Nos. 12 and 13" having reference to the injury of appellant on January 24, 1939 (The record does not enlighten as to the contents of said Forms 12 and 13); and when the claim of appellant was being reviewed by the Full Commission on appeal from the findings of fact and conclusions of law by the Hearing Commissioner, the "Agreement as to Compensation" was found in the file of the Industrial Commission produced by the Hearing Commissioner, although there was no notation thereon that it had been filed (nor was there any explanation of how it came into the possession of the Industrial Commission).

The Hearing Commissioner held that the claim of appellant was barred by reason of its not having been filed with the Industrial Commission within one year from the date of the accident. A majority of the Full Commission upheld the Hearing Commissioner in this finding of fact and law,

and on appeal to the Court of Common Pleas that Court affirmed this finding and conclusion of law of the Full Commission (the order of Judge Grimball affirming the Full Commission is not in the record, it having been lost in transit and never received by the Clerk of Court for Jasper County).

The question now before this Court is whether under the circumstances of this case, the claim of appellant was barred by Section 24 (a) of the Workmen's Compensation Act, the appellant not having himself formally filed claim with the Industrial Commission within one year from the date of his injury.

Section 24 (a) of the Workmen's Compensation Act, Section 7035-27(1), Code of 1942, is in part as follows:

"The right to compensation under this Act shall be forever barred unless a claim is filed with the industrial commission within one year after the accident, * * *."

In *Gold v. Moragne et al.*, 202 S. C., 281, 288, 24 S. E. (2d), 491, 493, it is stated:

"While it was unquestionably the purpose of the limitations written in the Act to protect employers and insurance carriers against 'long delayed demands,' as stated in our case of *Wallace v. Campbell Limestone Co.*, 198 S. C., 196, 17 S. E. (2d), 309, 311, it is also evident that this Section should be given a liberal construction * * *."

Here, the employer (respondent) had notice that appellant was claiming and would claim benefits under the Workmen's Compensation Act; and information concerning the accident suffered by appellant was forwarded to the Industrial Commission by respondent, but it did not "file" a claim on behalf of appellant with the Commission; and acting upon information furnished by respondent in a letter to the Industrial Commission on May 9, 1939, the Commission closed its "file" in respect to this accident. So, it would appear that the respondent had presumed to act for and on behalf of the appellant in the filing with the Industrial

Commission of information concerning his accident and injury; and the only source from which the Industrial Commission could have received the Standard Form 15 for "Agreement as to Compensation" was the respondent, and not the appellant.

If the "Agreement as to Compensation" entered into by and between appellant and respondent is to be considered as a "Settlement" (although no amount was paid thereunder as compensation, the appellant's earnings until his sales contract with respondent expired having remained approximately the same), then Section 18 of the Workmen's Compensation Act made it the duty of the respondent to file a copy of this settlement agreement with the Industrial Commission, and this provision of the Act was not complied with by the respondent.

Under the circumstances of this case, it seems to us that the respondent is estopped from being advantaged by reason of the fact that the appellant did not formally file his claim with the Industrial Commission within one year from the date of the accident, especially when this Court has recognized the weight of authority to be that, under certain circumstances, an employer may waive the filing by an employee of a claim in any form whatever. *Gold v. Moragne, et al., supra.*

It is not clear that the Industrial Commission passed on the merits of claimant's case. Indeed, having reached the conclusion that appellant's claim was barred by reason of his failure to file a claim with the Industrial Commission within one year from the date of the accident, it would have been a work of supererogation for the Commission to have passed upon the merits of the claim.

The judgment appealed from is reversed, and the case is remanded to the Court of Common Pleas for Jasper County, with instructions to send the record back to the Industrial Commission for such further proceedings as it may order,

and for the Commission to pass upon the merits of appellant's claim.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER, concur.