16214

DUNCAN v. GAFFNEY MFG. CO. *ET AL.*

(53 S. E. (2d) 396)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, *for Appellants,* cite:

*Messrs. Poliakoff & Poliakoff, and Hyatt & Gossett,* of Spartanburg, *for Respondents,* cite:

May 6, 1949.

OXNER, Justice.

This is an appeal by the employer and carrier from an order of the Circuit Court affirming, except as to one item, an award of the Industrial Commission in favor of claimant, A. M. Duncan. It is conceded that no claim was filed with the Industrial Commission within one year after the accident as required by Section 7035-27 of the 1942 Code. The only question we need determine is whether the Indus-

trial Commission erred in holding that the conduct of the employer was such as to estop it from invoking this limitation on filing claims.

Claimant was employed as a loom fixer by the Gaffney Manufacturing Company. He contends that on January 29, 1939, while undertaking to lift a beam weighing three or four hundred pounds, he "felt something tear inside" and fell. He was able to get up but shortly thereafter collapsed. Several of those nearby, including his seecond hand, came to his assistance. He was driven home and a physician summoned. After rendering first aid, this physician requested that he be immediately removed to the hospital. It developed that claimant had a perforated duodenal ulcer and an operation was performed. After recuperating, he returned to work. He says that three or four months later he had to give up his job because he was refused lighter work.

Claimant testified that he inquired of the second hand, the boss weaver and one of the men in the office about compensation and was told that the matter was receiving attention and in due time he would be paid all compensation benefits to which he was entitled; that he continued to make inquiries about the matter and on each occasion was assured that he would receive compensation; and that finally, nothing having been done, he consulted Mr. Godshall, a member of the Gaffney Bar, about five days before the expiration of the time for filing a claim, and was advised by him that he "had no case". He says that he later learned that Mr. Godshall was an attorney for the Gaffney Manufacturing Company.

The second hand in the mill testified that he knew that claimant suffered an illness while working in the mill but understood that it was not due to an accident and, therefore, made no report to the mill office. Mr. Godshall denied telling claimant that he had no case. He testified that he thought claimant was entitled to compensation, but advised him that he had waited too long to file his claim. Before the hearing was concluded Mr. Godshall was able to locate his file, which was introduced in evidence and disclosed the following:

On May 25, 1940, claimant signed an agreement authorizing Mr. Godshall to represent him and a memorandum was made of the facts upon which he based his claim. Claimant then stated to Mr. Godshall that the mill was notified of the accident but no claim was filed with the Industrial Commission because he was afraid that he would be discharged. On May 31, 1940, Mr. Godshall wrote the Industrial Commission and inquired under what circumstances a claim could be filed after more than a year had elapsed since the date of the injury. (Neither the name of claimant nor the mill involved was disclosed.) On June 6, 1940, the claims examiner of the Industrial Commission replied that "no claim can be handled unless claim is made to the Commission within twelve months unless it can be proven to the satisfaction of the Commission that fraud has been perpetrated." On June 10, 1940, Mr. Godshall wrote claimant as follows:

"I have looked up the law in our case, which we have discussed, and the Workmen's Compensation Act, states as follows:

" 'Section 24 (a). Must File Claim Within One Year of Accident or Death.—The right to compensation under this Act shall be forever barred unless a claim is filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim be filed with the Commission within one year thereafter.'

"Pursuant to this Section, I wrote to the South Carolina Industrial Commission and asked for their advices relative to the possibility of putting in a claim after twelve months had expired from the date of the injury. I have just received a letter from the Commission stating that it would be impossible to file a claim after twelve months had expired from the date of the injury, unless it can be proven to the satisfaction of the Commission that fraud has been perpetrated.

"In view of this decision, I would advise that we could not file the claim unless you can show that the Gaffney Manufacturing Company in some way committed a fraud

upon you, such as, persuading you not to file a claim by promising you all kinds of things if you would not file a claim or something of that kind that would show that they intended to keep you from filing a claim with the Commission.

"I would like for you to think this over and if there is anything which the Gaffney Manufacturing Company or its officers or bosses had done to prevent you from filing this claim, then let me know the full facts about same, because we are in a close spot in regard to the law relative to the one year period.

"Please write me at your earliest convenience as to the above matters."

There is nothing in the record to show any response on the part of the claimant to the above letter. After leaving the Gaffney Manufacturing Company, claimant worked for a short time at three or four other mills and says that he finally had to discontinue all textile work. He then commenced the operation of a taxi service in the town of Gaffney and also farmed. He was engaged in this work at the time of the hearing before the Industrial Commission. Since the alleged accident, claimant has returned to the hospital on numerous occasions for treatment of his stomach condition. In January, 1941, a second operation was performed and a partial gastrectomy was done. He claims that he is now unable to work regularly and still suffers pain.

No claim was filed with the Industrial Commission until March, 1946. In addition to invoking the one year limitation on filing claims, the employer and carrier denied that claimant sustained an accident and also contended that the proof was insufficient to show any causal connection between the alleged accident and the disability claimed of.

We shall assume for the purpose of this discussion that the statements alleged to have been made to claimant were reasonably calculated to mislead him and induce him to withhold or postpone filing a claim for almost a year following

the alleged occurrence. It is clear, however, from claimant's testimony that when he consulted Mr. Godshall, he was then no longer relying on the alleged statements and had definitely concluded that it would be necessary to take some action to enforce payment of compensation. He says he was then told by Mr. Godshall that he "had no case." There is no foundation for his assertion that Mr. Godshall was representing his employer. The Industrial Commission properly found that "there is absolutely no ground for criticising Mr. Godshall in his professional relationship with the claimant or of the advice he gave the claimant." Indeed, the attorneys now representing claimant do not complain of the manner in which Mr. Godshall handled the matter. Though not material, it is apparent that claimant is mistaken in saying that Mr. Godshall was consulted before the expiration of the year in which to file a claim. The file introduced in evidence clearly indicates that he was not consulted until May, 1940. After claimant had definite knowledge that his employer was not going to voluntarily pay compensation, he took no action and remained silent for a period of almost six years.

Section 7035-69 of the 1942 Code requires an employer within ten days after knowledge of the occurrence of an accidental injury to file a report thereof with the Industrial Commission. No such report was made in the instant case. The second hand testified that he did not report the matter to the mill office because he did not understand that claimant's illness was due to an accident.

Under some Workmen's Compensation Acts, the failure of an employer to report an accident to the Industrial Commission deprives him of the defense that a claim was not filed within the time prescribed by the terms of the act. It is generally held, however, that where the act contains no such provision (and ours does not), the mere failure on the part of an employer to report the accident does not, in the absence of fraud, toll the running of the statute as to the time for filing a claim for compensation. *Welchel v. American Mutual Liability Insurance Co. et al.,* 54 Ga. App. 511, 188

S. E. 357; *Elkhorn Collieries Co. v. Robinson,* 234 Ky. 24, 27 S. W. (2d) 393; *Price v. Kansas City Public Service Company,* Mo. App., 42 S. W. (2d) 51, affirmed 330 Mo. 706, 50 S. W. (2d) 1047; 71 C. J., page 1027. We held in *Samuel v. Appleton Co. et al.,* 214 S. C. 157, 51 S. E. (2d) 508, 509, that the failure of an employer to post in his place of business the notice required by Rule 7 of the Industrial Commission did not have the effect of excusing his employees from filing claims for compensation within one year after the accident. The Court said: "The Act imposes no such condition. It is stated in 71 C. J, page 1022, that no exceptions 'to the requirement of the act in respect of a timely filing of a claim or excuses for non-compliance therewith may be invoked other than those provided for in the act.' The language used in the one year limitation under consideration is plain and unambiguous. We are not at liberty by judicial construction to add to or amend this section so as to excuse an employee from complying with this mandatory requirement if his employer neglects to post the notice required by Rule 7."

Notwithstanding a provision in the Michigan Act, Comp. Laws 1929, § 8431, to the effect that the statute of limitations shall not run against the claim of an injured employee until the report of the injury shall have been filed with the Industrial Commission, the Supreme Court of that state has held that although the employer failed to make the report, proceedings for compensation must be commenced within a reasonable time and that proceedings commenced nearly ten years after the accident were barred. *Hajauk v. Revere Copper & Brass, Inc.,* 268 Mich. 220, 255 N. W. 770; *Ardelian v. Ford Motor Co.,* 272 Mich. 117, 261 N. W. 267. In *New Amsterdam Casualty Co. v. Keller,* Tex. Civ. App., 62 S. W. (2d) 637, the facts were these: The employee sustained an accidental injury on September 20, 1929. He was told by the attending physician that he had received a strain but not a hernia and although suffering pain, the employee continued to work. He was again examined by this physician

in October, 1930, who told him that he had a serious hernia necessitating an operation and promised to see about getting him compensation. The employee continued working and did not give notice of his injury or claim for compensation until October, 1931. In holding that the claim was barred, the Court said: "In the view we take of the case it is unnecessary to decide the law questions involved in the failure to give notice of his injuries prior to October, 1930. He knew of the facts and had actual knowledge of his rights on that last date. Even if we assume, and we do not, that he was justified in relying, on October 14, 1930, on Dr. Leake to act for him in obtaining his compensation, still he cannot continue for a year to see nothing done about the matter, never remind Leake or inquire whether the notice was given or what the progress of his claim was, and now expect the courts to reward his laches. No 'good cause' was shown under article 8307, § 4a, R. S."

In applying the ordinary statute of limitations, the weight of authority is to the effect that where a party in favor of whom a cause of action has accrued has been induced by fraud on the part of the other party to defer commencement of the action, the statute begins to run upon discovery of the fraud, or of such facts as would have led to the knowledge thereof, if pursued with reasonable diligence. *Kibler v. McIlwain*, 16 S. C. 550; *Smith v. Linder*, 77 S. C. 535, 58 S. E. 610; 34 Am. Jur., page 186. Where a debtor by his representations, promises, or conduct is estopped to assert the statute of limitations, it is stated in 34 Am. Jur., Limitation of Actions, Section 411, page 324, that such an estoppel "continues, according to some authority, until the plaintiff is given a reasonable time in which to sue. According to other authority, the estoppel continues, following the expiration of the statutory period, until the creditor is allowed for the commencement of an action a period equal to the statutory period." Also, see Annotation 130 A. L. R., page 19.

No good reason appears why the foregoing general principles should not be applied to the limitation on filing claims for compensation. Here the claimant knew in 1940 that he could no longer rely upon the alleged promises made to him at the mill. He then ceased to act thereon and employed an attorney to protect his interests. The estoppel that existed continued no longer. How much time thereafter did he have to present his claim? Under some authorities a reasonable time, and under others a period equal to that designated in the Act for filing claims—one year. We need not now determine which of these represents the better view. Claimant can succeed under neither. He took no action for approximately six years—certainly an unreasonable length of time. To uphold his contention would necessitate making an estoppel, in effect, a perpetual or indefinite one. In the case of *Young v. Sonoco Products Co.*, 210 S. C. 146, 41 S. E. (2d) 860, strongly relied on by respondent, the claimant there acted with reasonable promptness.

In view of the above conclusion, the other questions raised on this appeal need not be determined.

The judgment appealed from is reversed and the case is remanded for entry of judgment in favor of appellants.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.