16486

ASHE v. ROCK HILL HARDWARE CO. *ET AL.*
(64 S. E. (2d) 896)

*Messrs. Hayes & Hayes,* of Rock Hill, and *Wise, Whaley & McCutchen,* of Columbia, *for Appellants,*

*Messrs. Finley & Turner,* of York, *for Respondent,*

April 2, 1951.

HENDERSON, Acting Associate Justice.

This appeal is concerned with the section of the Workmen's Compensation Act which provides that the right to compensation shall be forever barred unless a claim is filed with the Industrial Commission within one year after the accident. Code, § 7035-27.

On June 13, 1946, the respondent, Jim N. Ashe, an employee of the Rock Hill Hardware Company, was accidently injured while loading sheets of roofing tin on a truck. He reported the incident to R. E. Barron, the president of the company, and was sent by him to Dr. Strait for treatment. The physician was not in his office that afternoon, and the respondent returned to work the following day. The second day after the injury he was examined by Dr. Strait and remained away from his work for two days. Dr. Strait diagnosed the injury as a sprained back. He strapped up the respondent's back and saw him three times, the last being on June 22, 1946.

On June 17, 1946, Dr. Strait made out the Industrial Commission form known as the surgeon's report, showing a non-permanent injury and ability to return to work in several days. On July 8, 1946, Dr. Strait completed commission form No. 14, showing termination of respondent's disability, and that as of June 22nd he was able to return to work without permanent injury. In the meantime, on June 19, 1946, as required by section 7035-69 of the Code, Mr. Barron had completed and forwarded to the Commission the form known as the first report of injury, showing that the respondent returned to work on June 18th.

After being discharged by Dr. Strait, the respondent continued to work for the hardware company and received his full wages. On July 31, 1946, the appellants filed with the Commission the form designated as the closing report, show-

ing an accident in which no time was lost, with $9.00 medical bill paid, and stating that the report closed the case.

Although the respondent's back continued to trouble him, it was not until January, 1948, a year and a half after the accident, that he again consulted Dr. Strait. He was advised to have certain teeth pulled, and went to bed for six weeks in April and May, 1948, but continued to draw his full wages. About this time he consulted a chiropractor, and worked on until August, 1948, when he was referred by Dr. Strait to Dr. Love, who sent him to a hospital in Charlotte. It was there found that he had a fractured disc, and on September 10, 1948, he was operated upon at the Johns Hopkins hospital.

He received no wages from September 1, 1948, until January 1, 1949, the time he was at Johns Hopkins and immediately thereafter. On January 1, 1949, he returned to work at the hardware company, and is employed there now.

No formal written claim was filed by the respondent with the Industrial Commission until March 29, 1949, which was almost three years after the accident.

The first step he took with reference to asserting a claim for compensation was after his return from Baltimore, at which time the insurance carrier was notified about his operation, and he received a letter from the insurance company on September 29, 1948, denying liability for the reason that no claim had been filed within a year.

The Industrial Commission found as a fact that while the respondent did not formally notify the Commission in writing of his accident within one year, the reason for such failure was that he was led to believe by his employer that it was being filed for him, that the defendants by their conduct waived any formal notice by the employee to the Industrial Commission, and that they are estopped to set up or claim the bar of the statute of limitations.

On appeal to the Circuit Court the award of the Commission was affirmed.

In certain instances an employer and its insurance carrier may waive a failure of an employee to file his claim in due time with the Commission or they may become estopped by their conduct. *Gold v. Moragne,* 202 S. C. 281, 24 S. E. (2d) 491; *Lowther v. Standard Oil Company,* 206 S. C. 286, 33 S. E. (2d) 889; *Young v. Sonoco Products Company,* 210 S. C. 146, 41 S. E. (2d) 860; *Duncan v. Gaffney Manufacturing Company,* 214 S. C. 502, 53 S. E. (2d) 396.

In the present case the Commission strongly relied upon the following testimony of the respondent:

"Q. Mr. Ashe, at the time of the injury, who did you report it to? A. Mr. Barron.

"Q. Did you give written notice of your injury to the South Carolina Industrial Commission? A. No, sir.

"Q. Why did you not do so? A. I reported it to Mr. Barron. I did not know I was supposed to.

"Q. What did he say he would do? A. He said he would take care of it.

"Q. Mr. Barron said he would take care of it. Who did he send you to, Dr. Strait? A. Yes, sir.

"Q. Did you go to Dr. Strait? A. Yes, sir.

"Q. State whether or not you relied upon Mr. Barron's statement that he would report it to the South Carolina Industrial Commission? A. Yes, sir.

"Q. Did he report it to the South Carolina Industrial Commission? I will show you the report of injury form dated June 19, 1946. A. I guess he did.

"Q. (Indicating) Is that his signature? A. Yes, sir.

"Q. Did you later go to Mr. Barron and inquire as to whether or not he had reported it? A. When I came from Charlotte, from the hospital at Charlotte, I asked him had he reported it, and he said he did."

It seems perfectly clear that all of this conversation related to the notice of the injury rather than to the filing of a claim for compensation. Sections 7035-25 and 7035-26 provide for the initial report of an injury to the employer. Their purpose is to enable the employer to investigate the claim and to give prompt medical attention if necessary. The filing with the Commission of a claim for compensation is an altogether different requirement, its object being to protect employers and their insurance carriers against long delayed demands. *Wallace v. Campbell Limestone Company*, 198 S. C. 196, 17 S. E. (2d) 309.

It was said in the case of *Burnhart v. Dunean Mills*, 214 S. C. 113, 51 S. E. (2d) 377, 380, that "It is true that the employer had knowledge of the injury but the Act not only requires that the employee give notice to the employer of the accident, 7035-25 and 7035-26 of the 1942 Code, but also that any claim for compensation be made within one year thereafter. The reports heretofore mentioned which were filed with the Industrial Commission by appellants within one year of the accident do not constitute the filing of a claim as required by Statute. The employer is required to make these reports even though no claim for benefits has been made. If such reports were always sufficient to constitute the filing of a claim, it would never be necessary for the employee to comply with the statutory requirement as to filing claims within one year after the accident."

And in *Young v. Sonoco Products Co.*, above, the Court stated that "The fact that claimant may have been unaware of the requirement as to filing a claim within one year furnishes no legal excuse for not filing her claim." [210 S. C. 146, 41 S. E. (2d) 864.]

At a later point we have this additional testimony of the claimant:

"Q. When did you first know that you had a ruptured disc in your back instead of sciatica or neuritis or arthritis? A. When I went to Dr. Winkler in Charlotte.

"Q. What date was that? A. It was August 17th, I think.
"Q. 1948? A. Yes, sir.
"Q. All right, sir. State whether or not you relied upon Mr. Barron's assurance that he had filed the claim for you and would take care of the matter? A. Yes, sir."

This testimony can refer only to the filing of a claim after the ruptured disc had been discovered in 1948, two years or more following the accident. Prior to 1948 the respondent did not even know that he was required to file a claim. We have already seen what took place between the employee and Mr. Barron in 1946, relating only to the notice of the accident. It was two years after the accident that the respondent asked Mr. Barron if he had filed the initial report of the injury.

All that Mr. Barron promised to do in 1946 was to report the accident to the Commission. That he promptly did. Two years elapsed from the time of the injury before the respondent knew he had a condition which required an operation. There is no evidence that the appellants had any information or knowledge from July, 1946, when the case was closed, until September, 1948, of any complaint of the respondent which he attributed to his injury.

Nothing was done by the appellants to mislead the claimant. The respondent himself testified that Mr. Barron had dealt with him fairly and truthfully, and had filed everything he was supposed to file under the Act. The employee was not lulled into a feeling of security. The appellants did not know he had a claim for compensation. Dr. Strait did not connect his condition in 1948 with his accident occurring two years before. The forms filed by the employer were only such as are required, whether the case is compensable or not.

We, therefore, think that there is no evidence in the record which reasonably tends to support the finding of fact of the Commission that there was any waiver or estoppel on the part of the appellants, and we believe that

the Circuit Judge was in error in affirming the judgment and award on this ground.

The Commission also found as a matter of fact that the wages which were paid the employee from the time of his injury through August 31, 1948, were in lieu of compensation, and that the claimant did thereafter on March 29, 1949, or within one year from the date of the last payment of such compensation, file his formal claim with the Industrial Commission.

We are unable to discover anything in the evidence supporting the finding that the wages were paid in lieu of compensation, and we think that it is purely speculative and conjectural. After losing two days the respondent worked almost constantly for nearly two years, and was paid wages for his work. The first loss of wages occurred just prior to his operation in September, 1948. There is nothing in the record to indicate that the employer did not receive value for the wages. There is no finding of fact by the Commission that the claimant was put on light work, nor is there any testimony that his employer ever talked with him about less arduous duties or took any action toward transferring him to a different class of work before his operation.

The employer no doubt assumed that the original diagnosis of Dr. Strait was correct, and did not know the nature of the injury for more than two years. Indeed, the Commission found that the respondent was incapacitated from work only from August 31, 1948, to January 1, 1949. The claimant himself testified that he had received no compensation.

In our opinion, under the decisions in the cases of *Edge v. Dunean Mills,* 202 S. C. 189, 24 S. E. (2d) 268, and *Burnhart v. Dunean Mills,* above, no legal excuse has been shown by the respondent for his failure to file his claim in the required time.

While it is true that this section of the Act should be given a liberal construction, yet " 'we are not justified in so construing it as to do violence to a specific requirement of the Act.' * * * 'Such Statutes apply with full force to the most meritorious claims.' " *Wallace v. Campbell Limestone Company,* above [198 S. C. 196, 17 S. E. (2d) 311].

The judgment is reversed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.