### 16975

MARY PARALEE FOX, Respondent, v. UNION-BUFFALO MILLS, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Insurance Carrier, Appellants

(86 S. E. (2d) 253)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellants,*

*Messrs. John D. Long* and *Mike S. Jolly,* of Union, *for Respondent,*

March 10, 1955.

LEGGE, Justice.

On November 26, 1951, respondent sustained an accidental injury to her leg arising out of and in the course of her employment. She was immediately taken to her family physician, who examined her leg and bandaged it. She lost no time or money on account of her injury and was not paid any compensation therefor, but from the date of the injury until the first of the year 1952 she worked, sitting down, on another job. About the first of the year 1952 she returned to her regular job and continued on that job, without loss of time resulting from the injury, until September 24, 1952, when she left the employment on sick leave not requested for any reason associated with the accident; and she did not return thereafter.

Following receipt by the Industrial Commission, at its office in Columbia, S. C., of a letter dated November 26,

1952, from respondent's attorneys at Union, S. C., giving notice of the injury and requesting a hearing to determine the extent of respondent's disability and disfigurement and the amount of compensation that should be awarded to her, a hearing was held before Commissioner Reid on January 8, 1953. In bar of the claim, appellants pleaded Section 72-303 of the 1952 Code of Laws, which reads as follows:

"The right to compensation under this Title shall be forever barred unless a claim is filed with the Commission within one year after the accident and, if death resulted from the accident, unless a claim be filed with the Commission within one year thereafter."

For the respondent, there was offered her own testimony, the substance of which we have set out above, and that of Mr. Long, one of her attorneys, who testified that he had personally deposited the letter before mentioned in the post-office at Union, S. C., about 1:00 o'clock in the afternoon of November 26, 1952. The letter itself, which was in the possession of the Commissioner, and which, together with the rest of the Commission's file relating to the claim, was introduced in evidence by appellants, bore the Commission's stamp showing its receipt by the Commission on December 1, 1952.

Commissioner Reid found that the claim had not been filed with the Industrial Commission until December 1, 1952, and therefore sustained appellants' plea and dismissed the claim. His findings of fact and conclusions of law were in due course affirmed by the full Commission. On appeal to the circuit court, the presiding judge held that the mailing of the letter on November 26, 1952, constituted compliance with the statutory requirement that the claim be filed with the Commission within one year after the accident, and accordingly reversed the decision of the Commission. He held, correctly we think, that the finding of the Hearing Commissioner, concurred in by the full Commission, that the claim had not been filed with the Commission until December 1, 1952, although denominated a

finding of fact, was actually a conclusion of law based on the uncontroverted fact that the letter was not received until that day, and that such holding was therefore subject to review by the court.

This appeal involves a single substantial issue, to wit: Does mailing constitute the filing required under Section 72-303?

The narrow question here presented is before us for the first time in relation to Section 72-303, but this is not the first time that we have had occasion to construe the words "file" and "filing." The following definition from Bouvier's Law Dictionary, has been repeatedly approved by this court: "In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file." *Sternberger v. McSween,* 14 S. C. 35; *Archer v. Long,* 46 S. C. 292, 24 S. E. 83; *Townsend v. Sparks,* 50 S. C. 380, 27 S. E. 801; *King v. Atlantic Coast Line R. Co.,* 86 S. C. 510, 68 S. E. 769.

The identical question here presented was before the Supreme Judicial Court of Massachusetts under the corresponding section of the Massachusetts Workmen's Compensation Law in the case of *In re Gorski,* 227 Mass. 456, 116 N. E. 811, 812, in which the court said:

"A fair construction of the reports of the Arbitration Committee and of the Industrial Accident Board shows by implication that they proceeded on the ruling of law that the mailing of a claim for compensation directed to the board is a compliance with the act. In this they were in error. The act plainly requires that the claim must be 'filed' with the board. This requirement is not satisfied by an ineffectual attempt to put the claim in the custody of the board. The word 'filed' in this connection imports that the claim is to be placed permanently on the files of the board, so that any person interested may refer to it. The paper on which the claim, with the details set forth in the statute, is written

actually must be delivered physically into the possession of the board before it can be said to be filed with the board."

And in *Cheesman v. Cheesman,* 236 N. Y. 47, 139 N. E. 775, where the same issue arose under a section of the New York Workmen's Compensation Law substantially identical with Section 72-303 of our 1952 Code, the New York Court of Appeals held that the mailing of the claim for compensation did not satisfy the statutory requirement that the claim be filed.

The well recognized rule that remedial legislation such as the Workmen's Compensation Law should be construed liberally to accomplish the end for which ·it was intended neither requires nor permits us, under the pretext of construction, to amend the section now before us by distorting its plain and simple language into a meaning not justified by either common usage or judicial precedent. As was said by Mr. Justice McKenna, speaking for the court in *United States v. Lombardo,* 241 U. S. 73, 36 S. Ct. 508, 510, 60 L. Ed. 897:

"A court is constrained by the meaning of the words of a statute. They mark the extent of its power, and our attention has not been called to any case which decides that the requirement of a statute, whether to secure or preserve a right or to avoid the guilt of a crime, that a paper shall be filed with a particular officer, is satisfied by a deposit in the postoffice at some distant place. To so hold would create revolutions in the procedure of the law and the regulation of rights. In instances it might, indeed, be convenient; in others, and most others, it would result in confusion and controversies·; and we would have the clash of oral testimonies for the certain evidence of the paper in the files."

Reversed.

STUKES, TAYLOR and OXNER, JJ., and M. M. MANN. Acting Associate Justice, concur.