17245

A. A. KIRBY, Respondent, v. HOLLIDAY LAUNDRY & DRY CLEANERS and HARDWARE MUTUAL CASUALTY COMPANY, Appellants.

(96 S. E. (2d) 61)

*Messrs. Nelson, Mullins & Grier,* of Columbia *for Appellants,*

*Messrs. C. T. Graydon* and *J. Bratton Davis,* of Columbia, *for Respondent,*

January 2, 1957.

Stukes, Chief Justice.

In this case the employer and its insurance carrier have appealed from an award of workmen's compensation to the respondent for permanent, partial disability and for dis-

figurement. The sole defense is the statute of limitations contained in Sec. 72-303 of the Code of 1952, which provides that right to compensation shall be forever barred unless a claim is filed with the Industrial Commission within one year after the accident or if death ensues, within one year thereafter. The section was amended in 1955 in a manner which is presently irrelevant. See 1956 Cumulative Code Supplement.

The employer operates a laundry where the claimant was employed in a supervisory capacity. When engaged in his employment he accidentally struck and injured his knee with a hammer in March 1953, but lost no time from his work. A week later the employer took him to a doctor who gave him a prescription and claimant afterward had it refilled but did not return to the physician. He limped as the result of the injury and testified that he was handicapped in the discharge of the duties of his employment, but he continued on his job and his services were satisfactory to the employer, and he was paid his full wages.

The head of the employer-corporation died and was temporarily succeeded by his wife who afterward remarried and her second husband assumed management of the business. The latter and his wife testified fully, and with apparent frankness, at the hearings upon the claim.

The claimant testified that he was promised permanent employment which he preferred to the benefits of workmen's compensation, and did not make a timely claim. He and the employer were familiar with the law and there had been claims on account of injuries to other employees. Recalled to testify at a later hearing, he made quite clear in his testimony that the promise of permanent employment was occasioned by the offer of work to him by a laundry in another city, which was about eleven months after the date of his injury; quoting from his testimony, "I told her (the employer) I had a job offered me and I would rather give up and go to the other one, and she said 'no, you have a job here as long as you want a job and do as you

have done.' " Transcript of record, folio 135. There was no evidence that the promise of future employment was in consideration of the employee's forbearance to file claim, or connected in any way with it. Cf. *Gainey v. Coker's Pedigreed Seed Co.,* 227 S. C. 200, 87 S. E. (2d) 486.

General changes by the employer (under the new management) in the duties and work of the employees caused unrest among them about eighteen months after the injury to claimant, as the result of which he voluntarily left the employment. Soon thereafter he went to the Industrial Commission and filed claim.

Notice of the accident was not filed by the employer with the commission as required by law, but that does not (in the absence of fraud which is not claimed) raise an estoppel to deny liability under the statute. *Duncan v. Gaffney Mfg. Co.,* 214 S. C. 502, 53 S. E. (2d) 396. The employer thought that the accident and injury were too minor to warrant notice. In the words of the witness, it did not occur to her to file notice.

The commission held, erroneously we think, that the employer was estopped by its conduct to plead the statute and made an award of compensation, which was affirmed on appeal by the lower court. The conclusion is without evidence to support it.

The statute has been applied and the claimants held to have been barred in the following cases: *Wallace v. Campbell Limestone Co.,* 198 S. C. 196, 17 S. E. (2d) 309; *Edge v. Dunean Mills,* 202 S. C. 189, 24 S. E. (2d) 268; *Burnhart v. Dunean Mills,* 214 S. C. 113, 51 S. E. (2d) 377; *Duncan v. Gaffney Mfg. Co., supra,* 214 S. C. 502, 53 S. E. (2d) 396; *Samuel v. Appleton Co.,* 214 S. C. 157, 51 S. E. (2d) 508; *Ashe v. Rock Hill Hardware Co.,* 219 S. C. 159, 64 S. E. (2d) 396; and *Fox v. Union Buffalo Mills,* 226 S. C. 561, 86 S. E. (2d) 253.

In the following decisions it was held that the employer or the insurance carrier had waived, or was estopped by its

conduct to assert, the statute of limitations: *Lowther v. Standard Oil Co.,* 206 S. C. 286, 33 S. E. (2d) 889; *Young v. Sonoco Products Co.,* 210 S. C. 146, 41 S. E. (2d) 860; and *Poole v. E. I. DuPont De Nemours & Co.,* 227 S. C. 232, 87 S. E. (2d) 640.

It is under the last cited line of cases which respondent contends that in hand falls, and the Commission and the Circuit Court, in effect, so held.

Careful consideration of the record is convincing that there was no evidence of facts upon which to base a finding of waiver or estoppel. Claimant's failure to file claim as required by law was not induced by any act or word of the employer. There is no evidence of deceit or misleading of him. Employer and employee simply did nothing toward reporting the accident to the commission or filing claim for compensation until long after the statute had run.

The following from the opinion in *Samuel v. Appleton, supra,* 214 S. C. at page 161, 51 S. E. (2d) at page 509, is applicable: "The language used in the one year limitation under consideration is plain and unambiguous. We are not at liberty by judicial construction to add to or amend this section so as to excuse an employee from complying with this mandatory requirement * * *."

This is a hard case but the court cannot permit it to make bad law, and while the result is regrettable, the judgment of the lower court must be reversed.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.