18081

Pherebie SKIPPER, Respondent, v. MARLOWE MANUFACTUR-
ING COMPANY and Central Surety and Insurance Corporation,
Appellants.

(131 S. E. (2d) 524)

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Appellants,*

*Messrs. Hyman & Morgan,* of Florence, *for Respondent,*

June 11, 1963.

Lewis, Justice.

The claimant, Pherebie Skipper, sustained an accidental injury on July 26, 1960, which arose out of and in the course of her employment with the defendant Marlowe Manufacturing Company, but she did not file claim with the South Carolina Industrial Commission for compensation under the Workmen's Compensation Act until August 9, 1961, more than one year after the accident. The defendant denied liability upon the ground that claimant's right to compensation was barred by her failure to file her claim with the Industrial Commission within one year after the accident as required by Section 72-303 of the Code of Laws, which provides in part that the right to compensation under the Workmen's Compensation Act "shall be forever barred unless a claim is filed with the Commission within one year after the accident." The Commission awarded compensation to the claimant holding that, while she failed to file her claim within one year after the accident, the defendant was estopped under the circumstances from taking advantage of such failure. This finding of the Commission was affirmed upon appeal to the circuit court as having evidentiary support in the record, and the defendant has appealed.

The first question for determination is whether there was any competent evidence to sustain the finding of fact by the Industrial Commission that the de-

fendant was estopped to assert the failure of the claimant to file her claim within one year after the accident; for, under well settled principles, if there was any competent evidence to support this factual finding of the Commission, such is binding on both this and the circuit court upon appeal.

Section 72-303, supra, is a statute of limitation, *Hoke v. Cherokee County*, 216 S. C. 376, 58 S. E. (2d) 330, and the rule is firmly established that the employer "may be estopped to invoke it if by his conduct he has induced the claimant to believe that the claim is compensable and will be taken care of without its being filed with the Commission within the period limited." *Case v. Hermitage Cotton Mills*, 236 S. C. 285, 113 S. E. (2d) 794. *Young v. Sonoco Products Company*, 210 S. C. 146, 41 S. E. (2d) 860; *Poole v. E. I. DuPont De Nemours & Co.*, 227 S. C. 232, 87 S. E. (2d) 640.

The testimony shows that claimant received an injury to her back on July 26, 1960 resulting in a permanent general disability of seven and one-half (7½%) percent. The general manager of the employer was present at the time of claimant's accident and immediately carried her to the hospital where she was treated by a physician and permitted to return to her home. Claimant returned to her job on the following day but was unable to work. She remained away from work until August 1, 1960 when she returned and worked until about August 12, 1960, being paid wages through the latter date. She testified that she quit work on August 12, 1960 because of her disability, and did not return to work for the defendant. She did, however, secure employment with another company from October, 1960 through December, 1960. The complaints of disability by the claimant were apparently continuous and she was treated by the physician, to whom the general manager of the employer carried her at the time of her injury, from that date until May 28, 1961, being hospitalized from about March 20, 1961 to March 27, 1961 for treatment.

The finding by the Commission that the defendant ■ was estopped by its conduct from interposing as a defense the one year limitation for filing of a claim rests primarily upon the testimony of the claimant relative to the assurances given her by the general manager of the defendant concerning her claim. Her testimony is substantially that on the day of the accident, and on the following day when she returned to work, the general manager told her with reference to her injury "not to worry about it, that everything would be taken care of." Within two weeks after her accident, she contacted her attorney relative to her claim against the defendant. After she contacted her attorney, she again talked to the general manager and he again assured her that "everything would be taken care of." Claimant then, relying upon the assurances of the general manager, told her attorney "to drop the suit." During the period subsequent to the foregoing and prior to about the middle of June, 1961 (approximately six weeks prior to the expiration of the one year limitation period), the claimant talked to the general manager over the telephone "a number of times" about her claim and she was assured by him that everything would be taken care of. About six weeks prior to the expiration of one year after the accident, claimant talked with the general manager again about her claim and he told her "not to file a claim because he was going to take care of it." She testified that shortly thereafter she called her attorney and told him to proceed with the action as she didn't think the general manager was going to do anything about her claim. Claim was thereafter filed with the Commission on August 9, 1961, about sixty days after she employed counsel and instructed him to proceed.

While the record contains circumstances from which an opposite conclusion might be drawn, we think the foregoing testimony affords ample basis for the conclusion that, until about six weeks prior to the expiration of the one year limitation period for filing a claim, the course of conduct of

the employer through its general manager was such as to reasonably give rise to a belief on the part of the claimant that the employer had assumed responsibility for her injury and that the filing of a claim would be unnecessary.

However, the claimant by her own testimony realized about six weeks prior to the end of the one year limitation, which would be about June 15, 1961, that she could no longer rely upon the alleged promises made to her by the employer and ceased to act thereon. It was at that time that she finally employed an attorney to protec her interests and instructed him to proceed with her claim. The period of estoppel that existed prior to that time, therefore, continued no longer, *Duncan v. Gaffney Mfg. Co.,* 214 S. C. 502, 53 S. E. (2d) 396, leaving six weeks of the one year limitation period remaining, which the defendant contends afforded the claimant ample time in which to file her claim within the statutory period.

The question then is: How long after the period of estoppel ended did the claimant have to file her claim? This precise question has apparently never been decided in this State. While the question was stated in the *Duncan case,* decision was found unnecessary under the particular facts there. As stated in that case, under some authorities a claimant is allowed a reasonable time in which to file claim after the estoppel ends, and under others a period equal to that designated in the Act for filing claims—one year. See: 34 Am. Jur., Section 411, page 324; Annotations 130 A. L. R. 19 and 24 A. L. R. (2d) 1423.

As in the *Duncan case,* a decision of the foregoing question is unnecessary under the record here. Under either view, the award of the Commission must be affirmed. Claim was filed in the instant case within sixty days after the estoppel period ended, well within one year thereafter. Also—implicit in the award of the Commission is the finding that counsel for the claimant, although employed about six weeks prior to the expiration of one year from the date of the accident, proceeded within a reasonable length of time to file the

claim. This is a factual finding, supported by the evidence and binding upon this Court.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.