18492

William E. HUCKS, Respondent, v.. GREEN'S FUEL OF SOUTH
CAROLINA and Hartford Accident & Indemnity Co., Appellants

(148 S. E. (2d) 149)

*Messrs. Allen L. Ray* and *John B. McCutcheon,* of Con-way, *for Appellants,*

*Respondent not represented by Counsel.*

April 25, 1966.

Moss, Acting Chief Justice.

This is a proceeding for compensation under the Workmen's Compensation Act. Section 72-1 *et seq.,* Code of 1962, instituted by William E. Hucks, the respondent herein, against Green's Fuel of South Carolina, employer, and Hartford Accident and Indemnity Company, carrier, the appellants herein.

during May, 1962, while working on the floor in an apart-

The respondent was an employee of Green's Fuel and

ment house, struck his head on a wooden shelf bracket as he started to stand up from his working position. He contends that the blow caused personal injury to him and is compensable under the Workmen's Compensation Act.

A hearing was convened by a Single Commissioner to determine whether or not the respondent was an employee of Green's Fuel and whether he sustained an injury by accident arising out of and in the course of his employment; and, if so, to determine what benefits and compensation he was entitled to under the Workmen's Compensation Act. It was the position of the appellants that (1) the respondent did not give notice of accident within thirty days as required by Section 72-301 of the Code; (2) did not file a claim with the Commission within one year after the accident as was required by Section 72-303 of the Code, and (3) there was no causal relation between the alleged accident and his subsequent physical condition. Question No. 3 was not considered but was left open pending the disposition of the first two questions.

The Single Commissioner, on February 18, 1965, filed an opinion and award holding that the respondent had effectively reported the accident within the thirty day period required by Section 72-301 of the Code; and, even though there had been no claim filed by the respondent within one year as required by Section 72-303, the appellants were estopped from asserting the one year limitation contained in said statute.

The findings of the Single Commissioner were affirmed by a divided vote of the Full Commission. By appropriate exceptions, the appellants appealed from the award of the Full Commission to the Circuit Court of Horry County and, by order dated December 1, 1965, the award of the Full Commission was affirmed. From the order of the Circuit Court this appeal was timely perfected.

The appellants, by appropriate exceptions, challenge the sufficiency of the evidence to support a finding of compliance

by the respondent with Section 72-301 of the Code and that the appellants were estopped to assert the one year limitation for the filing of the claim as is provided in Section 72-303 of the Code. It is our view that we need only concern ourselves with the question of estoppel.

The respondent received an injury to his head on May 28, 1962. He continued to work for about fifteen days thereafter and, on June 18, 1962, he went to his own physician complaining of nausea and pain in his head. This physician, according to the respondent's testimony, diagnosed his trouble as being an infected inner ear. Pursuant to the advice of his physician, the respondent took medicine and was confined to his bed for a period of approximately one week. Thereafter, on June 25, 1962, at the direction of his own physicians, he was admitted to the Medical College Hospital in Charleston where he remained as a patient until July 11, 1962. He was again admitted to this hospital on August 15, 1962, and discharged on September 8, 1962. These two periods of hospitalization were for the purpose of tests and surgery. There is no evidence of the respondent's confinement as a result of his alleged injury except for the period of one week at home and the periods when he was in the Medical College Hospital in Charleston.

The respondent admitted that he had suffered previous injuries while working for Green's Fuel and that he had filed claims and received benefits under the Workmen's Compensation Act.

The Single Commissioner found that the respondent suffered an injury on May 28, 1962, but claim was not filed with the Commission until February 3, 1964, more than one year after the accident. Since the claim was not filed within one year after the accident, the respondent would be barred of compensation unless there was shown waiver or estoppel on the part of the appellants to assert the one year limitation. It is now well settled that compliance with Section 72-303 of the Code may be waived by the

employer and its insurance carrier or they become estopped by their conduct from asserting the statute as a defense. The claim here is that the employer and carrier were estopped from asserting as a defense the failure of the respondent to timely file his claim. We have held that estoppel in such cases will arise from conduct on the part of the employer or carrier from which it may be reasonably inferred that the respondent was misled or deceived, whether intentionally or not, to believe that the claim is compensable and will be taken care of without its being filed with the Commission within the period limited. *Clements v. Greenville County*, 246 S. C. 20, 142 S. E. (2d) 212. The burden of proof here is upon the respondent who asserts an estoppel. *Davis v. Sellers,* 229 S. C. 81, 91 S. E. (2d) 885.

The question here is whether there is any competent evidence to sustain the finding of fact by the Industrial Commission that the appellants were estopped to assert the failure of the respondent to file his claim within one year after the accident; for, under well settled principles, if there was any evidence to support this factual finding of the Commission, such is binding on both this and the circuit court upon appeal. *Skipper v. Marlowe Mfg. Co.,* 242 S. C. 486, 131 S. E. (2d) 524. However, this Court, and also the circuit court, may reverse an award if there is an absence of evidence to support it. *Sola v. Sunny Slope Farm*, 244 S. C. 6, 135 S. E. (2d) 321.

In the decision of the Single Commissioner, which was later affirmed by the majority of the Full Commission and the Circuit Court, it was found as a fact:

"That the defendants are estopped from asserting the one year limitation in that, from reasonable inferences, the claimant through his attorney was lulled into complacency and/ or misled, even though not intentionally, by the conduct of the defendants in negotiating a proposed settlement and thereby failed to file his claim."

It appears from the record that the respondent in the latter part of October or in the early part of November, 1962, retained the services of an attorney to prosecute his claim for compensation. This attorney was called as a witness by the Commissioner. He testified that he wrote the appellants on November 5, 1962, advising them that he represented the respondent in connection with his injury. Following the receipt of the aforesaid letter, the appellants filed a first report, dated November 8, 1962, with the Commission, it being stated thereon that they were unable to complete the form because the accident had not been reported to them by the respondent. The filing of the aforesaid report by the appellants did not constitute the filing of a claim for compensation within one year of the accident as required by Section 72-303 of the Code. *Burnhart v. Dunean Mills*, 214 S. C. 113, 51 S. E. (2d) 377.

This attorney admitted that the respondent relied upon him to file a claim with the Commission. When asked if he did file a claim with the Commission, his answer was, "I have filed nothing." The circuit judge, in his order affirming the award of the Commission, held as follows:

"* * * The attorney contacted and began negotiations with a Mr. Skinner, an employee of the carrier, Hartford Accident and Indemnity Company. As a result of these negotiations the carrier, although denying that the injury was compensable, offered a settlement through the attorney of claimant in the amount of $500.00. This offer of settlement was received by claimant's attorney in April of 1963, and was immediately rejected by claimant. The proposed offer of settlement also provided that the carrier would pay certain medical expenses incurred by the claimant. It appears that no further negotiations took place between claimant's attorney or claimant with either the carrier or the employer after the rejection of this settlement offer. In August of 1963, the carrier advised claimant'c attorney that it was closing its files because the statutory period for filing the claim had expired and no claim had been filed in

the case. It appears that the last communication that claimant's attorney had with Mr. Skinner or any person acting on behalf of the employer or carrier was in April, 1963, when the settlement offer was rejected. The testimony of claimant's attorney is to the effect that he expended a great deal of effort in trying to obtain medical testimony which would relate claimant's present physical condition to the alleged accident sustained by him, but that he was unable to develop such evidence. It is implict in his testimony that this absence of evidence was a factor in influencing his decision to deal informally with the carrier on a negotiated basis rather than to proceed formally with the Commission. * * *''

The decisions on the subject that the question whether negotiations for the compromise of a debt or claim will give rise to an estoppel against pleading the statute of limitations depends upon the character of the negotiations and the circumstances surrounding the parties. 130 A. L. R. 38 and 24 A. L. R. (2d) 1430. Section 72-303 of the Code is a statute of limitation and the rule is firmly established in this State that the employer and carrier may be estopped to invoke it if by their conduct they have induced the claimant to believe that his claim is compensable and will be taken care of without its being filed with the Commission within the statutory period. The burden of proof was upon the respondent here to prove the aforesaid requirement in order for him to invoke the doctrine of estoppel.

It is undisputed that the appellant consistently denied that the injury sustained by the respondent was compensable. The proposed settlement offered to the respondent by the appellants resulted from negotiations instituted by his attorney. The record is barren of any evidence that during the negotiations for and in making the offer of settlement that the appellants did or said anything to induce the respondent, or his attorney, to believe that his claim was compensable and that he should not file a claim

with the Commission, as required by the statute. It should be kept in mind that the respondent here was represented by an attorney and by virtue thereof he was the *alter ego* of his client insofar as this case is concerned. Any lack of diligence on the part of the attorney for the respondent is attributable to and binding upon him.

A careful consideration of the record in this case is convincing that there was no evidence of facts upon which to base a finding of estoppel. The respondent's failure to file his claim, as required by Section 72-303 of the Code, was not induced by any conduct of the appellants. The lower Court was in error in not so holding.

The judgment below is reversed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.