18691

Kirby ALTMAN, Respondent, v. WILLIAMS FURNITURE COMPANY, Appellant

(156 S. E. (2d) 433)

*Messrs. Nash & Chappell,* of Sumter, *for Appellant,*

*Messrs. W. L. Clifton* and *Charles L. Cuttino,* of Sumter, for Respondent.

August 10, 1967.

BRAILSFORD, Justice.

I respectfully dissent because, in my judgment, there was sufficient evidence to sustain the finding of the South Carolina Industrial Commission that the employer was estopped from asserting the failure of the employee to file a claim within one year as a bar to his right to compensation. In several cases, which are cited in the opinion of the Chief Justice, we have held that estoppel, to assert failure to file on time as a defense to a claim, arises from conduct of the employer which reasonably tends to mislead the employee, whether intentionally or not, to believe that his claim is recognized as compensable and will

be taken care of by the employer whether or not it is timely filed. In this case, it may be inferred that the employee was misled, whether intentionally or not, into believing that he had no compensable injury for which a claim should be filed. According to the employee's testimony, the company doctor and personnel manager told him that there was nothing wrong with him and to go back to work. In so doing they concealed, whether intentionally or not, a material fact which it was their duty to disclose. It is reasonable to suppose that if the X-ray findings as to the condition of the employee's back, especially in the absence of any history of back pain, had been disclosed to him, he would have sought independent medical and legal advice, and that a claim would have been filed in time. Persistence in the representation to the employee that nothing was wrong with him, and in the concealment of the X-ray findings, should be held to estop the employer from asserting as a defense the employee's delay in filing a claim. I would affirm the order appealed from.

This opinion was written as a dissent to the opinion drafted for the court by Chief Justice Moss. A majority of the court having concurred, it becomes the prevailing opinion. Accordingly, the judgment appealed from is affirmed.

LEWIS and BUSSEY, JJ., concur.

Moss, C. J., and LITTLEJOHN, J., dissent.

Moss, Chief Justice (dissenting).

This is a proceeding for compensation under the Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962, instituted by Kirby Altman, respondent herein, against Williams Furniture Co., the employer and a self-insurer, appellant.

Admittedly, the respondent sustained an accidental injury on May 7, 1962, which arose out of and in the course of his employment with the appellant, but he did not file claim with the South Carolina Industrial Commission for compensation under the Workmen's Compensation Act until July, 1964, more than one year after the accident. The ap-

pellant denied liability on the ground that the right of the respondent to compensation was barred by his failure to file his claim within one year after the accident, as required by Section 72-303 of the Code of Laws, which provides, in part, that the right to compensation "shall be forever barred unless a claim is filed with the Commission within one year after the accident."

The commission awarded compensation to the respondent holding that, while he failed to file his claim within one year after the accident, the appellant was estopped under the circumstances from taking advantage of such failure. This finding was affirmed upon the appeal to the circuit court as having evidentiary support in the record. The appellant filed timely notice of appeal.

The only question for determination is whether there was any evidence to sustain the finding of fact by the Industrial Commission that the appellant was estopped to assert the failure of the respondent to file his claim within one year after the accident; for, if there was any evidence to support the factual finding of the commission, such is binding on both this and the circuit court upon appeal. However, this court, and also the circuit court, may reverse an award if there is an absence of evidence to support it. *Hucks v. Green's Fuel of South Carolina,* 247 S. C. 457, 148 S. E. (2d) 149.

In the *Hucks case* we held that estoppel will arise from conduct on the part of the employer from which it may be reasonably inferred that the respondent was misled or deceived, whether intentionally or not, and induced to withhold or postpone filing his claim until more than a year has elapsed from the occurrence of the accident. The burden of proof is upon the respondent who asserts the estoppel.

The respondent had worked for the appellant approximately four years. According to his testimony he had never had any trouble with his back until May 7, 1962, when he fell while pulling a flat loaded with bed panels. Following

his fall he went to the first aid station and the nurse there applied heat to his back and gave him some liniment with which to rub. The next morning his back was hurting so bad he had to go home. Later in the day he went to see Dr. Harry Davis, a physician in the employ of the appellant. The respondent was under the care of Dr. Davis for eight days. The respondent testified that Dr. Davis advised him to return to work as there was nothing wrong with him. He did return to work on May 15, 1962, and continued his work until July 3, 1964, without any loss of time. It was the testimony of the respondent that he had to go by the doctor's advice because it was the only thing he knew to do. After he had returned to work the respondent made periodic visits to the clinic located in the plant when his back "got to hurting me so bad". In the clinic heat was applied to his back and he was given a liniment with which to rub his back and aspirin tablets to take. He testified that when he went to the clinic and complained of his back hurting he was told, "Well, its old back trouble, or something like that" and no offer was made to send him to a doctor. The respondent testified that he suffered from the date of his injury and his condition was such that he could hardly get out of bed in the mornings and could not stoop over to tie his shoe laces. He said he kept getting "worser instead of better".

The respondent further testified that when he returned to work on the advice of Dr. Davis that he complained to Mr. McMillan, the personnel officer of the appellant, more than once about his back and he was told, "Old Unc, I'll tell you the truth, take the treatments". When he was asked as to whether Mr. McMillan told him that there was anything wrong with him, he answered, "He didn't say there was anything wrong and he didn't say there wasn't nothing wrong". The respondent said that he would have gone to the clinic more often but he wasn't allowed to because the foreman would follow him and direct him to get back to his work. He further said that when he returned to work on the advice of the doctor for the appellant he believed that he had

been turned over to the company and was looking to it "for support" and the clinic was all he knew and he "fully left it up to the clinic".

The record shows that Dr. Davis referred the respondent to Tuomey Hospital in Sumter, South Carolina, so that X-ray pictures could be made. The X-ray report was made by the hospital on May 14, 1962, and included this statement under "IMPRESSION:" "Old rupture or degeneration of the intervertebral disc at the level of L-5 S-1 with moderately prominent associated degenerative and/or osteoarthritic changes. Right renal calculi."

It has been found as a fact, and no exception taken thereto, that Dr. Davis did not inform the appellant of the contents of the X-ray report nor did Mr. McMillan, the personnel director, and Mrs. Carolyne Osteen, the nurse in charge of the clinic, both of whom had a copy of the X-ray report, inform the appellant of the contents thereof.

The respondent went to see Dr. Charles H. Andrews, Sr. on July 3, 1964. This doctor was informed by the respondent that he had fallen about two years prior thereto while on his job. Dr. Andrews had X-rays made of the respondent's back and such showed a disintegration or degeneration of the last or lower lumbar vertebra and he expressed the opinion that such condition could have been caused by the fall that happened to the respondent while working. It was also the opinion of this physician that the respondent was not able to work because of his condition. This physician testified that he had treated the respondent for the flu. In this connection the respondent testified that about the first of the year 1963 he saw Dr. Andrews twice and "he doctored me for the fever and the flu". The respondent said that he did not talk to Dr. Andrews about his back condition because he was not able to finance it but did admit that he should have seen a doctor about his back condition because he suffered all the time. It was admitted by the respondent that he did not make any request that he be sent to a doctor by the appellant nor did the company refuse to send him to

a doctor. The respondent admits that he was not given lighter work when he returned to his employment in the plant and asserts that he worked hard and the work was pushed on him.

We have applied Section 72-303 and held claimants barred from recovering compensation benefits due to their failure to file a claim within one year after the accident. *Wallace v. Campbell Limestone Co.*, 198 S. C. 196, 17 S. E. (2d) 309; *Edge v. Dunean Mills*, 202 S. C. 189, 24 S. E. (2d) 268; *Burnhart v. Dunean Mills*, 214 S. C. 113, 51 S. E. (2d) 377; *Duncan v. Gaffney Mfg. Co.*, 214 S. C. 502, 53 S. E. (2d) 396; *Samuel v. Appleton Co.*, 214 S. C. 157, 51 S. E. (2d) 508; *Ashe v. Rock Hill Hardware Co.*, 219 S. C. 159, 64 S. E. (2d) 396; *Fox v. Union Buffalo Mills*, 226 S. C. 561, 86 S. E. (2d) 253; *Kirby v. Holiday Laundry & Dry Cleaners*, 230 S. C. 412, 96 S. E. (2d) 61; *Du Pont v. Du Pont De Nemours & Company, Inc.*, 231 S. C. 295, 98 S. E. (2d) 528; *Case v. Hermitage Cotton Mills*, 236 S. C. 285, 113 S. E. (2d) 794; *Hucks v. Green's Fuel*, 247 S. C. 457, 148 S. E. (2d) 149.

In several cases we have held that the employer or the insurance carrier had waived, or was estopped by its conduct to assert, the statute of limitation. *Lowther v. Standard Oil Company*, 206 S. C. 286, 33 S. E. (2d) 889; *Young v. Sonoco Products Co.*, 210 S. C. 146, 41 S. E. (2d) 860; *Poole v. E. I. DuPont De Nemours & Co.*, 227 S. C. 232, 87 S. E. (2d) 640; *Skipper v. Marlowe Mfg. Co.*, 242 S. C. 486, 131 S. E. (2d) 524; *Clements v. Greenville County*, 246 S. C. 20, 142 S. E. (2d) 212.

We have held that when the evidence gives rise to but one reasonable inference the question becomes one of law for the court to decide. *Herndon v. Morgan Mills*, 246 S. C. 201, 143 S. E. (2d) 376. We think there is no evidence in the record here which supports the finding of fact by the commission that there was any estoppel on the part of the appellant. The circuit judge was in error in affirming the judgment and award on this ground.

The respondent knew he was injured as a result of his fall on May 7, 1962. He knew the severity of his pain as a result of such fall better than anyone else. He testified that he suffered continual pain from the time of his injury. It must be remembered that the respondent testified that he had no back trouble until he had his fall. He made frequent visits to the clinic in an effort to obtain some relief from the continual pain in his back. He admits that because of his condition and the pain in his back he should have seen a physician but was unable to do so because of his financial status and this is the only reason that he assigns for his failure to contact a physician. The only reasonable inference to be drawn from his testimony is that the respondent knew that his continual pain was attributable to his injury.

There is no evidence that the matter of filing a claim under the Workmen's Compensation Act was ever discussed by the parties nor does the respondent assert that he failed to file his claim within the period limited by the statute by reason of any statements or acts of the appellant which misled him.

We do not think estoppel is reasonably inferable from any of the foregoing testimony. The failure of the respondent to file his claim within the time limited by Section 72-303 of the Code was not induced by any conduct of the appellant. The claim of the respondent was barred by the statute.

The judgment below should be reversed.

LITTLEJOHN, J., concurs.